## Miazza *v.* State, 36 Miss. R., 613.

### Illicit Retail of Intoxicating Drinks.

Judicial districts may be so changed by law as practically to transfer the judge to another district.

The time charged in an indictment for unlawful retailing, is not essential to or descriptive of the offense, and is therefore immaterial except under plea of limitation.

In misdemeanors, a plea in abatement being found against the defendant, the judgment should be final, and not *respondeat ouster*.

Other indictments of like import pending against same party, will not be allowed to sustain a motion in arrest of judgment. He must plead to those indictments, and may set up his former conviction or acquittal.

Error to Hinds circuit court. Watts, J.

The plaintiff in error, at the March term, A. D. 1856, of the court below, was indicted for retailing without license. The indictment charged, that the defendant, "on the 10th day of December, A. D. 1855, with force, &c., at the county aforesaid, to wit, in the city of Jackson, in the county aforesaid, did sell vinous and spirituous liquors, in less quantity than one gallon, without then and there having a license," &c.

The defendant first moved to quash the indictment, and his motion was overruled. He then pleaded in abatement, denying the right of the Hon. John Watts, judge, then presiding in the court, to hold said court, upon the ground that the county of Hinds was, at the date of the election of said Watts, a part of the third judicial district of the state, in which, at the date of said election of Watts, the Hon. J. S. Yerger was elected judge;

and that the said Yerger was not dead, and had not resigned, and had not interchanged with Watts.

The district attorney replied to the plea, by averring that the Hon. John Watts, who presides in this court, is the judge of said court, duly qualified and authorized, under and by virtue of the constitution and laws of the state, to preside over and hold the said court; and that the Hon. J. S. Yerger is not judge of the said court.

To this replication the defendant demurred, and his demurrer was overruled.

The cause was then submitted to the jury, on the issue on this plea and this replication, and the verdict was for the state.

The defendant then pleaded not guilty, and the cause was again submitted to a jury, who found the defendant guilty as charged.

On the trial of the last issue, the state proved, by a witness, that the defendant sold vinous and spirituous liquors, in less quantities than one gallon, in January, 1856; and the defendant asked the court to instruct the jury, if the sale was not proven to have occurred on the day named in the indictment, they must acquit, which was refused.

After verdict on the plea of not guilty, the defendant moved for a new trial, and in arrest of judgment and in support of motion, read to the court two other indictments, for retailing, against the defendant.

These indictments were in the same words and figures as the one on which he had been tried, except that one of them charged the offense to have been committed on the —— day of February, A. D. 1856, and the other charged it on the 10th day of February, A. D. 1856.

Both of these motions were overruled, and final judgment pronounced, and the defendant sued out this writ of error.

*T. J. Wharton, Esq.*, having been engaged before his election as counsel for the prisoner, the court appointed *J. A. P. Campbell, Esq.*, who appeared for the state.

*T. J. Wharton* and *Wm. M. Estelle*, for plaintiff in error,
Cited Arch. Cr. Pl., 84, 85, 90, 119; Wharton's Cr. L., 80,

81; Roscoe's Cr. Ev., 77, note 1; 3 Day's Cases, 283; Dick's case, 30 Miss. R., 631; Murphy's case, 24 ib., 584.

*J. A. P. Campbell*, for the state.

Harris, J. :

Plaintiff in error was indicted for selling spirituous liquors in less quantity than one gallon, without license therefor.

A plea in abatement was filed, denying that the presiding judge was judge of the Hinds Circuit Court, &c. To which there was replication, a demurrer to the replication, demurrer overruled, issue, and jury, and verdict for the state, and judgment that plaintiff in error answer over; who thereupon plead not guilty. Motion in arrest of judgment, and for a new trial. Motion overruled, and sentence and judgment pronounced. Writ of error was then sued out, and cause brought here.

The position taken by counsel for the plaintiff in error, on the trial of the plea in abatement, that it is not competent for the legislature to reorganize the judicial districts of the state so as to transfer a circuit judge out of the district in which he was elected, to another and a different district, is wholly untenable. ` The constitution itself makes provision for "interchange of circuits, in such manner as may be prescribed by law." It was no part, therefore, of the policy of its framers, as contended for, that the people of each district should be confined to the judge elected by them. The election of judges by the people had reference to other and more important objects.

We think there was no error in the instruction of the court on this point; nor was there any error in overruling the plaintiff's demurrer to the replication to his plea in abatement. It briefly but substantially presented the true issue.

It is next insisted that the court erred in refusing to charge the jury that, " if the testimony does not show that the offense named in the indictment was committed on the day named therein, the jury must find the defendant not guilty." This instruction was properly refused. Time is not material, except where it is the essence of the offense (or a necessary ingredient of it); it may be laid any day previous to the finding of the indictment, during the period within which the offense may be,

prosecuted. Wharton's Am. Cr. L., § 261, and authorities cited; Miller v. State, 33 Miss. R., 360.

The motion in arrest of judgment, on the ground that other indictments of similar import were then pending in the same court against the same defendant, was properly overruled. There is no analogy between the principles held in the case of Murphy v. State, referred to, and the case at bar. The evidence in Murphy v. State was held insufficient, because it did not identify the offense. Here no such difficulty exists—the defendant knows whether he had license or not. Nor can the defendant be prejudiced by any number of indictments for similar other offenses. One conviction for each distinct offense can only be had, and may be plead in bar of any subsequent attempt to retry him for the same offense for which he has once been convicted or acquitted.

We see no error in their proceedings, except that judgment final should have been rendered against the plaintiff in error on the verdict of the jury against him, on his plea in abatement, instead of *respondeat ouster*, and of this he cannot complain.

Let the judgment be affirmed.

A re-argument was asked for, and refused.