## WILL OLIVER v. STATE.

### [58 South. 6.]

1. INTOXICATING LIQUORS. *Sale. Variance. Time. Code of* 1906, *Sections* 1428-1762.

> Under the Code of 1906, section 1428, so providing, the day on which an offense is charged in an indictment to have been committed is immaterial, except in those cases where time is of the essence of the offense or a necessary ingredient of its description, and hence, in a case not within this exception, proof that the offense was committed either before or after the day laid in the indictment, but before the indictment was found and within the period prescribed by the statute of limitations, is sufficient.

2. SAME.

> Where the state on a trial under an indictment for the unlawful sale of intoxicating liquors, proceeding under Code of 1906, section 1762, introduces evidence of more than one sale, evidence should be given only of sales made "anterior to the day laid in the indictment" for the reason that it is expressly so provided in this section, which alone authorizes the introduction of evidence of more than one sale.

APPEAL from the circuit court of Lafayette county. HON. H. K. MAHON, Judge.

Will Oliver was convicted of the unlawful sale of intoxicating liquor, and appeals.

The facts are fully stated in the opinion of the court.

*Falkner, Russell & Falkner,* for appellant.

Section 1762 of the Code of 1906 is very broad in its scope; it allows ever so many sales to be given in evidence but it does say that the state is confined to sales made "anterior to the date laid in the indictment"— not the day of "filing" of the indictment, where the date is laid. *Moses* v. *State,* 56 So. 457, covers this case in full.

The date in this case is immaterial—it is of the essence of the offense; every right of the defendant is strained to the utmost under section 1762—even allowing the state to go back from "the date laid in the indictment" for two years from such date.

We hold that section 1762, *supra,* is unconstitutional —it violates section 26 of the Constitution; it deprives a defendant of being informed of "the nature and cause of the accusation" against him. Any valid defense, as an alibi, or other defense cannot be interposed by any such proceedings as countenanced by section 1762.

Code 1906, section 1762, is amendatory of section 1596, Code of 1892. That section (1596) was harsh enough; it allowed any number of counts to be placed in one indictment—a drag net in itself; but section 1762 sweeps away every vestige of the right to know about one charge; it attempts to charge at one full sweep every crime of this sort back for two years and that in view of the constitutional right to be apprised of the "nature and cause" of each one of them—the state demands the right to convict upon any one sale yet is allowed to select as many others as may be necessary to make out against defendant such an overwhelming chain of circumstances, or cases, if they can establish them, and use these "circumstances" or cases, toward the conviction in one.

The latter part of section 1762 in no way aids defendant in giving him information of the crime of which he is charged, so that he may defend himself properly and when a trial is had that he may plead former conviction or acquittal. This last part simply forbids the state from pursuing him further, but, we say, this in no wise aids him in his rights under the constitution— what does it avail the defendant who is entitled to a fair and impartial trial upon a single charge, and each and every charge, to be given any such consideration

after the all important question—his guilt or innocence has been put in jeopardy on the trial?

If the constitution and laws of the land can impose a penalty for one charge, and it can, then why not, in justice, allow the defendant to be advised of the nature of that one charge—if it must be tried for several at once, why not inform him of each? A great concession indeed on the part of the state that after humiliating the defendant with a trial whether guilty or innocent, to then say that the defendant shall not be prosecuted further! Great excuse and justification this!

The motion asking to exclude the testimony of the witnesses, Loomer and Douglas, should have been granted. This testimony was gravely prejudicial in this sort of case—the ordinary juror would inevitably surmise, conjecture and become very suspicious of this sort of testimony to defendant's hurt.

*Claude Clayton,* assistant attorney-general, for appellee.

Appellant was indicted by the grand jury of Lafayette county, for the unlawful sale of intoxicating liquor. The indictment alleges that the defendant did unlawfully sell the intoxicating liquor in question on the 15th day of February, 1911.

On the trial of the case, the state introduced the express agent at Oxford, and the billing clerk who attempted to identify a certain package delivered the defendant. These witnesses do not remotely attempt to say what the package contained and admitting that their testimony was properly submitted to the jury, yet it does not tend to prove the guilt of the defendant.

Two other witnesses were introduced by the state who testified that they bought intoxicating liquor, to-wit, alcohol, from the appellant sometime during the month of February, 1911. They do not show whether

their purchase was before or after February 15th, the date laid in the indictment.

Under that statement of facts, I am of the opinion that the case at bar is identical with certain parts of the case of *Moses* v. *State,* 56 So. 457. The part of the case at bar that was similar to the *Moses case, supra,* is the testimony of Felix Coleman and Bill Smith, two of the witnesses for the state in the *Moses case.*

Had the indictment been amended in the case at bar, I think a conviction would have been warranted. Everything was done by counsel for appellant recognized by the law predicated upon the failure of the state to prove the alleged sale of liquor. So, with these observations, I submit the case to the consideration of the court.

Argued orally by *Lee M. Russell,* for appellant.

SMITH, J., delivered the opinion of the court.

This appeal is from a conviction for the unlawful sale of intoxicating liquor. The indictment was turned into court by the grand jury on the 15th day of March, 1911, and charged that the defendant, on the 15th day of February, 1911, in said county, did unlawfully sell vinous, spirituous, malt, alcoholic, and intoxicating liquors, etc. The day on which the sale was actually made was not shown by the evidence; the witnesses simply stating that it occurred some time in February, 1911.

Appellant claims that he was entitled to a peremptory instruction, for the reason that it was not shown that the sale occurred prior to the 15th day of February 1911, the day laid in the indictment. "The day on which the offense is charged to have been committed is immaterial, except in those cases where time is of the essence of the offense, or a necessary ingredient of its description; and hence, in a case not within the above exception, proof that the offense was committed either before or after the day laid in the indictment,

but before the indictment was found and within the period prescribed by the statute of limitations, is sufficient.'' *McCarty* v. *State,* 37 Miss. 411; *Miazza* v. *State,* 36 Miss. 613; Code 1906, section 1428.

Appellant has cited in support of his contention the case of *Moses* v. *State,* 56 So. 457. . In that case the state, proceeding under section 1762 of the Code, introduced evidence of more than one sale, and this court held that, when that section of the Code was invoked, evidence could be given only òf sales made ''anterior to the day laid in the indictment,'' for the reason that it was expressly so provided in this section, which alone authorized the introduction of evidence of more than one sale. In the case at bar this section was not invoked; evidence of one sale only being introduced. Since evidence of one sale only was introduced in the court below, section 1762 of the Code is not brought into review by this case; consequently it is unnecessary for us to respond to appellant's suggestion that this section is unconstitutional.

We find no reversible error in the record, and the judgment of the court below is affirmed.

*Affirmed.*