## Annie Peebles *v.* State.

[63 South. 271.]

1. Criminal Law. *Intoxicating liquors. Time. Variance. Continuance. Waiver of right.*

The fact that on a trial for the unlawful sale of liquors the date of the sale proven, differed from the date laid in the indictment, is no reason for setting aside the verdict of the jury on the ground of variance.

2. Same.

If in such case defendant was entitled to a continuance by reason of the fact, that when the true date of sale was disclosed by the evidence she, for the first time, discovered that she could prove an alibi, she waived any right to such continuance, by not calling the courts attention to it at the earliest possible moment after the making of the discovery, she cannot raise it for the first time after verdict.

Appeal from the circuit court of Lauderdale county.
Hon. John L. Buckley, Judge.

Annie Peebles was convicted of the unlawful sale of liquor and appeals.

The facts are fully stated in the opinion of the court.

*W. L. Scott,* for appellant.

The only reason assigned by the court, in its opinion rendered in this cause, for the affirmance of same, is that appellant "waived any right (to prove an alibi) by not calling the court's attention to it at the earliest possible moment, after making the discovery" that she could so prove same.

Because of this statement, I assume that this court evidently overlooked that phase of the record, wherein the appellant and her counsel all make affidavits that on the day the case was called and tried in the court below, that they were taken by surprise, when just at the threshold of the trial, her counsel went (with permission of the court) to the state witness and learned for the first time that they would testify that they purchased liquor from appellant in October, instead of January, and that thereupon her counsel went back into the court room, and asked the court to pass the case over until the next morning, so that he could look into it further, and the court, answered that the case was set for that day, and both sides had announced ready, and that the court thought the case ought to go to trial.

Under the new rules of procedure, recently promulgated by this honorable court, one among others, is in substance: That no cause shall be reversed on mere technicalities but that the court will look into the whole record, and if it shall affirmatively appear that the judgment rendered has resulted in a miscarriage of justice then and then only will the judgment be reversed.

These rules as I understand them are rules of reason, right and justice, rather than an adherence to dogmatic technicalities and legal fiction, and everybody, familiar with their adoption and what they stood for, hailed the same with hearty approval and is this not a most proper place for their application?

Or, on the other hand, even though this woman is entirely innocent and could easily so prove herself on an-

other trial, must she stand convicted and suffer this extreme punishment under this judgment, because of the technical waiver of her liabilities, by the failure of her counsel to again plead surprise, during the progress of the trial, after that plea or its equivalent, had been formally overruled by the court at the outset of the trial?

Why repeat the request during the progress of the trial, when same had been overruled at the very beginning? The court had asserted, that since the case was set it must be tried, and this at a time when no testimony at all had been taken, and now after the taking of testimony had begun, could it be said that a renewal of that request would have made matters any better whatever?

Repeated insistence by counselor repeatedly urging a matter on which the trial court has already acted, only serves to chafe and goad the court into impatience, and no advocate at the bar, with proper respect for the trial judge likes to hazard that possibility, if the rights of his client can be protected without it.

As to the date laid in the indictment, being different to that proven, I recognize or realize that the long established rule of evidence in this state has been and is as stated in the opinion in this case, and do not and did not mean to question that rule in the least, and if the grand jury had assembled or convened at Meridian on the first Monday in January instead of the first Monday in February, and had during January returned that indictment, then the date laid in the indictment would not have been taken seriously, nor would it have misled so much, but for the February grand jury to single out a specified day in early January, and allege that a sale was made on that date, is calculated to impress the party charged or her counsel or both, that that will be the date relied upon, and so on the call of the case for immediate tiral, when the party or counsel or both learn for the first time that the date alleged in the indictment will be entirely abandoned and another, entirely different testified to,

and permission is then immediately asked to carry the case over for a day at least to give time for fair preparation to meet the charge on the newly adopted date, and that request is denied, and does not again renew that request during the trial, when she has already done so at the outset. I submit, that this sufficiently complies with the rule of "immediate action" in notifying the court, and that such conduct as a whole does not and ought not in good conscience and good common reason to work a forfeiture or waiver of a right to a new trial involving liberty and property.

*Frank Johnston,* assistant attorney-general, for appellee.

I concede the doctrine of law, as well settled in this state, that a new trial will be granted by this court on appeal, on the ground of new discovered evidence, where it appears that a new trial ought to have been granted by the trial court. In the application of this doctrine, this court, in a doubtful case, will not disturb the action of the trial judge which is recognized by all the decisions to be in a large measure discretionary, but I concede that where injustice has been done, and where it appears that a defendant, without any dereliction on his part, has not been allowed a fair opportunity for making his defense, and where the new evidence is material and would probably produce a different result, that this court will award a new trial.

The doctrine is well and clearly stated by Chief Justice SMITH in *Barrentine* v. *State,* 51 So. 275, and the court announced the rule, also, in *Weathersby* v. *State,* 95 Miss. 300 (S. C.), 48 So. 796. The fundamental principle underlying the rule is that an accused must be given a fair opportunity for making his defense. It only remains for this honorable court to apply the doctrine to the present appeal.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a conviction for the unlawful sale of intoxicating liquor. The date of sale alleged in the indictment was the 4th day of January, 1913; the date proven on the trial was the 27th day of October, 1912.

Appellant, in her motion for a new trial, claims that she was unable to obtain from the state's witnesses any information relative to the date of sale, and therefore prepared her case for trial on the theory that the date laid in the indictment was the true date, that she was taken by surprise when the date proven varied from the date laid in the indictment, and that if she should be granted a new trial she will prove a complete alibi, supporting her claim of ability so to do by the affidavits of witnesses having knowledge of her whereabouts on the 27th day of October, 1912.

Appellant is entitled to no indulgence by reason alone of the fact that the date of sale proven on the trial differed from the date laid in the indictment. *McCarty* v. *State,* 37 Miss. 411; *Miazza* v. *State,* 36 Miss. 613; *Oliver* v. *State,* 101 Miss. 382, 58 South. 6.

If she was entitled to any indulgence by reason of the fact, if such it be, that when the true date of sale was disclosed by the evidence she for the first time discovered that she could prove an alibi, she waived any right thereto by not calling the court's attention to it at the earliest possible moment after making the discovery. She cannot raise it for the first time after verdict.

*Affirmed.*