SMITH *v*. STATE.[*]

(Division A. Nov. 29, 1926. Suggestion of Error Overruled Jan. 10, 1927.)

[110 So. 690. No. 25954.]

1. INDICTMENT AND INFORMATION. *Proof of possession of liquor, subsequent to date charged in indictment for possession, held competent* (*Hemingway's Code, sections* 1184, 2098).

Under Code 1906, section 1428 (Hemingway's Code, section 1184), proof of possession of liquor subsequent to date charged in indictment was competent, since time is not of essence of offense, and Code 1906, section 1762 (Hemingway's Code, section 2098), is inapplicable to prosecution for having in possession intoxicating liquors.

2. CRIMINAL LAW. *Proof of occurrences, while defendant and companion were hiding liquor, at place where officers were concealed, held competent.*

Proof of occurrences while defendant and companion were hiding liquor, near place where officers were lying in wait, including defendant's having a pistol, *held* competent.

3. CRIMINAL LAW. *Intoxicating liquors. Proof of contents of jars and pieces thereof, broken by defendant's companion, held competent, under companion's testimony showing that she was aiding in hiding liquor.*

In prosecution for possession of whisky, proof of contents of jars and pieces of jars, broken by defendant's companion at time of officers' appearance, *held* competent, in view of testimony of defendant's companion showing that she had agreed to aid in hiding liquor in consideration of defendant's carrying her to a neighbor.

---

*Corpus Juris-Cyc. References: Criminal Law, 16 C. J., p. 575, n. 61; p. 620, n. 66; Indictment and Information, 31 C. J., p. 681, n. 69; p. 841, n. 4; Intoxicating Liquors, 33 C. J., p. 754, p. 30.

APPEAL from circuit court of Forrest county.
HON. R. S. HALL, Judge.
John Smith was convicted of having whisky in greater quantities than one quart in his possession, and he appeals. Affirmed.

*E. F. Coleman,* for appellant.

I. The court should have sustained the motion for peremptory instruction, as it is an elementary principle of law that where the date laid in the indictment is prior to the date proved, then a conviction will not stand. In other words, no evidence can be offered to an officer subsequent to the date laid in the indictment. *Maxey v. State,* 140 Miss. 570.

II. The court permitted the state to offer certain evidence concerning a quantity of broken glass purporting to be broken fruit jars and a large cardboard container, while all of the evidence shows conclusively that this was

the property of Bonnie Jean Johns. The officers testified that she was seen with it, that she broke the jars, and the record shows that she plead guilty of having in her possession the whisky in the broken jars. The only purpose of this line of evidence was to prejudice the jury against John Smith, the appellant. So the court should not have admitted the evidence.

III. Again, evidence was admitted over the objection, as to another crime, the crime of carrying a weapon concealed. It is elementary that evidence of the commission of another crime cannot be proved or rather introduced while a defendant is being tried on a criminal charge.

The case should be reversed.

*W. A. Scott,* Special Agent, for the state.

The indictment alleges the illegal possession to have occurred on the April 4, 1926, while the testimony shows that it occurred on May 2, 1926. The defendant maintained that the difference in the dates constitutes a fatal variance and in support of this contention cites *Maxey* v. *State,* 140 Miss. 570. This case merely interprets that section of the code authorizing the introduction in evidence of two or more sales of intoxicating liquor where the said sales have occurred prior to the date laid in the indictment and within the statute of limitation. In our opinion, this case is not applicable to one where the offense charged is merely that of possession.

The case of *Miazza* v. *State,* 37 Miss. 612, holds that the day on which the offense of retailing is charged in the indictment is not material to be proved on the trial; in such a case time is neither the essence of the crime nor a necessary ingredient in the description of it; and, hence, may be laid at any date previous to the finding of the indictment and within the period prescribed by the statute of limitation. And the case of *McCarty* v. *State,* 37 Miss. 411, restates the same principle of law. See

also *Oliver* v. *State,* 58 So. 6, 101 Miss. 382; and *Peebles* v. *State,* 63 So. 271, 105 Miss. 834. .

Appellant objects to the introduction of certain evidence tending to show that the defendant was carrying a pistol. On this point the officers were merely testifying to all the acts occurring at the time of the arrest and such acts of the defendant were admissible.

The court instructed the jury for the state that two or more persons may be interested in and possess the same whisky. This instruction is assigned as error by the appellant, but we submit that it sets forth a correct statement of the law. It is elementary that property may be owned jointly and that two or more persons may exercise joint supervision and control of it.

McGOWEN, J., delivered the opinion of the court.

Appellant, John Smith, was convicted of having whisky in a greater quantity than one quart in his possession. The indictment charged that John Smith and Bonnie Jean Johns had the whisky in possession on the 4th day of April, 1926. The indictment was returned into open court on May 5, 1926, and filed on that day. The proof showed that on the 2d day of May, 1926, officers of the law were lying in wait near a little church in the region of McLaurin, Miss., and in close proximity to a certain gopher hole in which they found secreted a pint bottle of whisky. Pretty soon John Smith, defendant, and Miss Bonnie Jean Johns drove up to that point in a Ford car and alighted. John handed Miss Bonnie Jean six one-quart jars. She walked over in the direction of the officers and set the jars on the ground. About that time the officers appeared on the scene. She picked up one jar and threw it against the remaining five sitting on the ground, thereby breaking all these containers. The officers managed to save some of the liquor remaining in the broken pieces of the fruit jars. In the meantime, the officers saw the defendant take three other fruit jars

across the road toward a certain log, where it later appeared that John had hidden the liquor. When Miss Bonnie Jean saw the officers approaching, she screamed "Oh, John!" and John went running toward them in an offensive manner. The officers, thinking he was about to produce a gun and make fight, ordered him to consider himself under arrest. A gun was found at the place where he was ordered to consider himself under arrest. Miss Bonnie Jean pleaded guilty and testified against John. She testified that John had agreed to carry her over to a neighbor's to get a purse in consideration of her assistance in hiding the liquor. The jury convicted John, and the court sentenced him to serve ninety days in jail and pay a fine of five hundred dollars.

The main point assigned as error by counsel for appellant is that the indictment charging that the liquor was in possession of the defendants on the 4th day of April, 1926, and the proof subsequent to that date, was incompetent, and relies mainly on the case of *Maxey* v. *State,* 140 Miss. 571, 106 So. 353, wherein the court held that, under an indictment for the sale of intoxicating liquors, it was error to admit proof of more than one sale, unless that proof fixed such sale as having been made prior to the date alleged in the indictment; that, where the evidence would leave it uncertain, whether the sale, or any of those introduced, may have occurred subsequent to the date alleged in the indictment, a conviction would be reversed. It will be observed that the indictment and proof thereunder was predicated upon a sale of liquor and the proof of other sales, under section 1762, Code of 1906 (section 2098, Hemingway's Code), in which class of cases the statute provides that other sales anterior to the date of the indictment may be offered. To the same effect, more clearly stated, is the case of *Florence Moses* v. *State,* 100 Miss. 346, 56 So. 457.

The precise point here is covered by section 1428, Code of 1906 (section 1184, Hemingway's Code), which provides that the day on which it is charged in the indict

ment that the offense was committed is immaterial, except in those cases where time is of the essence of the offense or a necessary ingredient of the description thereof.

In *Oliver* v. *State,* 101 Miss. 382, 58 So. 6, this court held that time was not of the essence of the offense, unless section 1762 was invoked by the state, even in a prosecution for the sale of intoxicating liquors. Here the crime charged was not a sale but having in possession intoxicating liquor, and time is not of the essence of the offense. Proof of possession may be offered subsequent to the date alleged in the indictment, and prior to the finding of the indictment or affidavit, provided the same is within two years. Section 1762, *supra,* has no application in a prosecution for having in possession intoxicating liquors. See, also, *Miazza* v. *State,* 36 Miss. 613, and *McCarty* v. *State,* 37 Miss. 411. The proof of what occurred while the defendant and his young lady friend were there hiding the liquor, including his having a pistol, was competent as a part of the transaction. Likewise, the proof of the contents of the jars and the pieces of broken jars was competent, in the light of Miss Bonnie Jean's testimony.

We think this defendant had a fair and impartial trial by a fair and impartial jury, that there is no reversible error in the record, and that the jury reached the proper conclusion in its verdict, and we do not feel inclined to disturb it.

*Affirmed.*