## ED. MYERS v. STATE.

[54 South. 849.]

CRIMINAL LAW. *Judge. Improper remarks.*

> In the trial of a homicide case a witness for the state was asked on cross-examination: "Do you know whether or not accused was a person who was authorized and commanded by the conductor to help keep peace." On sustaining the objection of the state's attorney to this question the trial judge said: "I will sustain that because, if he had been a sheriff or governor he could not have shot this man down under circumstances like that;" this was reversible error, because it indicated to the jury that in the opinion of the judge accused was guilty as charged.

APPEAL from the circuit court of Forest county.
HON. PAUL B. JOHNSON, Judge.

Ed Myers was convicted of manslaughter and appeals. The facts are stated in the opinion of the court.

*W. U. Corley*, for appellant.

The judge, by express statutory enactment, is forbidden to "sum up or comment on the testimony, or charge the jury as to the weight of the testimony." It is certainly contrary to our law and flagrantly violative of the fundamental principles of justice, for a judge to inject his opinion of the guilt of the defendant, says this court, in *Fuller* v. *State,* 85 Miss. 199. The judge presiding at a jury trial, in his remarks and conduct of the case, should endeavor to maintain a strict impartiality. It is error for him to express directly or indirectly an opinion which points to the guilt of the accused, or to make a statement which tends to discredit the accused with the jury. 12 Cyc. 538. Again this is laid down as being the great test, statements made by the trial judge in the presence and hearing of the jury, if given as instructions

for the state, would be wrong, makes a reversible error.
12 Cyc. 538. Now as to the remarks made by the court:
"I will sustain that because even if he had been sheriff
or governor he couldn't have shot this man down under
circumstances like that." Suppose the court in its good-
ness had granted an instruction for the state, that a
sheriff or a governor would have no right to shoot the
man down like that, would this court for a moment enter-
tain the idea of affirming this case? It was error for
the trial judge to express himself either directly or indi-
rectly in the trial of this case, and certainly this expres-
sion was an expression of his opinion, on ruling on
admissibility of evidence, and certainly he was in this
case, an intimation that defendant is guilty constitutes a
reversible error, as invading the province of the jury.
12 Cyc. 540, and authorities cited thereunder.

*M. E. McIntyre*, for appellant.

No. 2 of assignment of errors. Because the court com-
mitted a serious error in using the following words in
the presence and hearing of the jury, over the objec-
tions and exceptions of the defendant: "I will sustain
that because if he had been a sheriff or governor, he
couldn't have shot that man under circumstances like
that." As to the second assignment as above set out,
we feel that there is no necessity to indulge in an exten-
sive argument of the respective province of the court
and jury in the trial of a suit at law. Our court has
repeatedly held that any improper remarks of the pre-
siding judge as to the sufficiency of testimony to con-
vict where there are disputed facts is a flagrant error
and has always reversed the finding of the lower court
where the presiding judge has, unthoughtedly, attempted
to usurp the power of the jury. 85 Miss. 199; 12 Cyc.
540; *Wessel* v. *Breman*, 87 Mich. 481 and *Lerrott* v.
*Shearer*, 17 Mich. 48.

*Jas. R. McDowell,* assistant attorney-general, for appellee.

The court used this language: "I will sustain that (the objection) because even if he had been sheriff or governor he could not have shot this man down under circumstances like that." In other words, it was attempted to be shown at that juncture of the trial that the defendant was acting as a peace officer. Objection was made to this testimony, and the court sustained the objection, using the objectionable remarks above quoted. I admit that these remarks are objectionable, but am not willing to admit that they should cause a reversal, for I am of that opinion that the jury could not have misinterpreted their meaning. In other words, the judge while he should have sustained the objection without comment, evidently meant that it made no difference under the circumstances then being detailed whether defendant was a private citizen or an officer of the law, that he had no right as one which he did not have as another. It is hard to conceive, that the jury could have concluded that the judge was attempting to tell them that the defendant was guilty and killed the deceased unlawfully. He evidently meant that the defendant as governor or sheriff would have had no more right to shoot this negro than any private citizen would have had.

SMITH, J., delivered the opinion of the court.

Appellant was indicted for and convicted of the crime of manslaughter. The evidence as to his guilt was conflicting. The homicide occurred on one of the trains of the Gulf & Ship Island Railroad Company, while, according to the evidence of appellant, he and another were attempting to prevent the deceased from disturbing the peace of the other passengers on the train.

While the state was introducing its evidence in chief, one of the witnesses on cross-examination was asked by counsel for appellant the following question: "Do you

know whether or, not he (meaning appellant) was a person who was authorized and commanded by the conductor to help keep the peace?" In sustaining an objection to this question, the trial judge, unintentionally, we presume, indicated to the jury that in his opinion appellant was guilty as charged, by using the following language: "I will sustain that because, if he had been a sheriff or governor, he could not have shot this man down under circumstances like that."

For this error, the judgment of the court below must be, and is, reversed, and the cause remanded.

*Reversed and remanded.*