### HEADLEY *v.* STATE.[*]

(Division B.    June 7, 1926.)

[108 So. 733.    No. 25496.]

1. CRIMINAL LAW.

     Questions to witnesses by judge, for purpose of clarifying testimony, *held* not prejudicial.

2. CRIMINAL LAW.

     Failure of state to introduce all its testimony in chief rather than portion thereof in rebuttal *held* not prejudicial to defendant.

---

     *Corpus Juris-Cyc. References:    Criminal Law, 16CJ, p. 831, n. 67 New; 17CJ, p. 306, n. 32.

     APPEAL from circuit court of Forrest county.

     HON. R. S. HALL, Judge.

     Alf Headley was convicted of murder, and he appeals. Affirmed.

     *Draughn & Waller* and *Anderson & Anderson,* for appellant.

     I. The court erred in giving the instruction telling the jury that, "deliberation is no part, and is not an ingredient in the term, malice aforethought." *Jackson* v. *State,* 79 Miss. 42, 30 So. 39. This instruction leaves out the fixed principal that "a person may anticipate the action of his adversary and slay him, when to strike in anticipation is necessary to self-defense." *Long* v. *State,* 52 Miss. 23; *Kindrick* v. *State,* 55 Miss. 436.

     The instruction on page sixteen of the record does not include or give the defendant the benefit of the "reasonable doubt" theory. *Goodman* v. *State,* 73 Miss. 873. The court erred in giving the following instruction for the state: "The court instructs the jury for the state that mere fear, apprehension or belief, however

sincerely entertained, by one person that another designs to take his life or to do him some great bodily harm, will not justify the former in taking the life of the latter.'' This instruction abridges the right of self-defense because it does not tell what is meant by fear, apprehension or belief. See *Spivey* v. *State,* 58 Miss. 858.

In *Webb* v. *State,* 73 Miss. 456, 19 So. 238, the proposition is again laid down that an instruction ending with an appeal for a conviction upon the facts and as to the degree of belief required, without informing the jury that they must believe the facts and conditions as set out therein beyond all reasonable doubt, is error. On this point we call the court's attention to the instruction on page fourteen of this record.

The instruction at page twenty narrowed the defense to one ground and put the burden upon the defendant of showing that his slaying of the deceased was justified. See *Raines* v. *State,* 81 Miss. 489, 33 So: 19. Taking these instructions either singularly or as a whole, the defendant is stripped of his right.

(1) The defendant by these said instructions is limited to one theory and only one under his plea of not guilty. (2) The burden is placed upon his shoulders to show that he did do the killing in actual self-defense. (3) He is stripped of the right of apparent peril regardless of how sincerely or lively might have been his apprehensions. (4) The defendant has been stripped of the benefit of the burden placed upon the state to prove their allegations and charges and to prove the defendant guilty beyond every reasonable doubt.

II. The state of Mississippi was allowed to keep back direct evidence until the time for rebuttal. The state did not attempt to prove on direct testimony a certain fight which is alleged to have occurred a few hours before the killing. The state did not attempt to prove that the deceased was not armed. The state did not attempt to prove with direct testimony any relation be-

tween the defendant and the deceased's wife prior to the killing. We contend that the testimony about the relations, if any were had, which we submit were a matter of the wildest speculation, were incompetent and only succeeded in getting the minds of the jury prejudiced against the defendant. See *Mabry* v. *State,* 71 Miss. 716, 14 So. 267. This testimony was objected to by the defendant, said objection being overruled.

III. It is with reluctance that we approach the conduct of the trial court in this case. It is unfair to the defendant for the court to take the witnesses away from the hands of the district attorney and attempt to make the case out for the state. The court did irreparable damage to the defendant when on numerous occasions it transfered with, objected and forced the defendant's attorneys to hamper and curtail the handling of the defense. The assistance given the prosecution by the court was incompetent. Then, lastly, the court arose and with numerous gestures, expressions, etc., all of which was in the most coloring and prejudicial manner to the defendant, summed up the case over the objections of the defendant.

The case ought to be reversed and remanded.

*Rufus Creekmore,* Special Assistant Attorney-General, for the state.

I. Counsel do not attempt to argue that the evidence is insufficient to sustain the verdict, but they do say that reversible error was committed because "the state of Mississippi was allowed to hold and keep back their main and direct evidence until the time for rebuttal." In support of this argument they say that the state did not attempt to prove that the deceased was unarmed; that the state did not introduce testimony as to the fight between Lee and Headley, and that the state did not attempt to establish the relations between the defendant and the wife of the deceased in making out their case in

chief, but that they attempted to do all of this by rebuttal testimony.

We deem it necessary to say only that the state was not relying on the fight, nor on any of the events that arose out of it, to make out its case. It was not necessary to do so and the state chose not to introduce testimony on this point.

II.   A large portion of the brief of counsel is directed to a discussion of the conduct of the trial judge. We have carefully read the record and taking the testimony as a whole, we can draw only the conclusion that the defendant was given a fair and impartial trial and that no reversible error was committed by the trial judge.

III.   The argument of counsel is next directed to the action of the court in giving certain instructions for the state. Counsel state that by these instructions the defendant was stripped of the protection of lively anticipation and vile and threatening words spoken to him. In answer to this we consider it necessary only to call attention again to the fact that the jury was fully and completely instructed as to the meaning and applicability of apparent danger and self-defense. In fact, any errors, if any, in instructions for the state were cured by instructions given the defendant.

No error, however, was committed by the court in giving any of these instructions or by any of the actions of the judge during the progress of the trial of this defendant before the circuit court, and we submit that the action of the court below should be affirmed.

Argued orally by *D. W. Draughn,* and *Cephus Anderson,* for appellant, and *Rufus Creekmore,* Assistant Attorney-General, for the state.

HOLDEN, P. J., delivered the opinion of the court.

Alf Headley appeals from a conviction on a charge of murder, and a life sentence in the penitentiary.

We have thoroughly reviewed the record, and it is our opinion there is no reversible error therein. The objections to the instructions granted the state have been duly considered, and we are unable to agree with counsel for appellant that the court erred in giving any of them. Nor do we agree with the contention that the case of appellant was prejudiced by the conduct of the trial judge in his examination of several witnesses; such examination by him was not error, and no harm whatever was done the appellant by the judge asking the witnesses a few questions to clarify the testimony.

We have also investigated fully the point urged that the state should have introduced all of its testimony in chief rather than introducing some of it in rebuttal. There is no merit in the contention, because, if there was any irregularity in the introduction of the state's testimony, though we do not see that there was any, yet we are unable to find wherein the procedure could have damaged the rights of the appellant in the trial. The facts and circumstances in evidence fully warranted the jury in finding the defendant guilty as charged, and the instructions given were proper and amply supported by the evidence. The jury was fully instructed on the theory of the defense, and the verdict rendered by the jury was upon conflicting testimony, and we see no reason to disturb it. In view of the conclusions reached above, the judgment of the lower court is affirmed.

*Affirmed.*