BRELAND v. STATE.

(Division A. Feb. 14, 1938.)

[178 So. 817. No. 32925.]

Earle L. Wingo, of Hattiesburg, for appellant.

W. D. Conn, Jr., Assistant Attorney-General, for the State.

**Smith, C. J.,** delivered the opinion of the court.

The appellant was convicted of selling intoxicating liquor. The state introduced several police officers who searched her residence, but their evidence disclosed nothing indicating that the appellant possessed, or was engaged in selling, intoxicating liquor. The state then introduced a witness named Horn, who said that he had purchased such liquor from the appellant, and then rested its case. The trial judge then asked the district attorney, "Do you want to introduce Mr. Cubley?" to which the attorney answered, "No, sir." The judge then said, "Come around, Mr. Cubley, I want to ask Mr. Cubley some questions." An objection thereto by the appellant's attorney was overruled. The judge answered, saying, "The court holds before it rules on any matter, it desires to ask a question of the witness Cubley, in order to clarify the court's mind . . . Come around Mr. Cubley." Cubley participated in the search of the appellant's residence, and had theretofore been introduced by the state, but his evidence only disclosed that he saw the witness Horn there then. Over repeated objections by the appellant's counsel, the judge then examined Cubley as follows: "All right, Mr. Cubley, did you see any container, or tub or anything in that house? A. Yes,

sir. What did it contain? . . . Tell the jury what it was? A. She had a tub of creolin water there on the floor. What was it it contained? A. There was a boiler setting on the table—And it contained what? A. Didn't contain anything. What I am getting at, Mr. Cubley —was there a container of creolin there? A. Oh, yes, sir, there was a tub on the floor with creolin water in it— one of those big old cans. The Court: That's all. Now you can make your record.''

Within limitations the trial judge may examine a witness in order to clarify his testimony, but in so doing must not indicate his opinion of the value thereof. It may be, as to which we will not express an opinion, that he may call and examine a witness not introduced by counsel; but if he does, the examination of the witness must not be such as to indicate the judge's opinion of the witness' testimony. In the examination of this witness one question asked him was this: ''What I am getting at, Mr. Cubley—was there a container of creolin there?'' This clearly indicated to the jury that the trial judge attached importance to the fact that creolin was found in the appellant's residence. Creolin is ''a preparation of creosol and resin soap used as a deodorant and disinfectant.'' Webster's New International Dictionary. The jury could well have understood that the trial judge brought out the evidence for the reason that it corroborated the evidence of the witness Horn, by indicating that the appellant used creolin for the purpose of destroying the odor of intoxicating liquor, and therefore had such liquor in her possession. As bearing more or less hereon, see Collins v. State, 99 Miss. 47, 54 So. 665, Ann. Cas. 1913C, 1256; Headley v. State, 143 Miss. 532, 108 So. 733; Bumpus v. State, 166 Miss. 276, 144 So. 897; Griffin v. State, 171 Miss. 70, 156 So. 652; Myers v. State, 99 Miss. 263, 54 So. 849.

Reversed and remanded.