BURNETT *v.* STATE.

In Banc. Nov. 8, 1948.

(37 So. (2d) 310)

**L. L. Forman,** for appellant.

George H. Ethridge, Assistant Attorney General, for appellee.

## Alexander, J.

Appellant appeals from a verdict and judgment of conviction for murder in which a sentence of life imprisonment was imposed. The assignments of error include (1) that the verdict is against the law and the evidence; (2) that certain evidence was improperly introduced upon behalf of the State; and (3) the granting and refusing of certain instructions.

We dispose of the first contention at once. The confession of the defendant, which we hold can be properly admitted, the facts of which were corroborated by several witnesses, discloses a case of deliberate murder. Under point two, the objection is directed chiefly · to the conduct of the special trial judge, who, on several occasions, interpolated questions during the examination of the State's witnesses. Had these interpositions been made on behalf of the defendant, or to clarify uncertainties in defense testimony, it would have lessened the risk of impropriety.

The purpose of the learned special judge is undoubtedly above censure. That his course was intended to be helpful, however, is not as controlling as the fact that it was probably helpful only to the State. Cf. Breland v. State, 180 Miss. 830, 178 So. 817, and authorities therein cited.

We do not set out the several excerpts from the Court's personal examinations since they are not such as would be reproduced in another case. ██ Suffice it that, while we are moved to a disapproval of this practice, we find the guilt of the defendant so evident that no reasonable jury could have reached any other verdict.

It is true that ██ the defendant obeyed an impulse oftimes acknowledged by the informal verdict of a community as conforming to an unwritten code, given sanction not by law but by the primal forces of outraged honor, wherein the futility of peaceable abatement leads to the destruction of the guilty actor and stimulates ir-

resistable emotions of revenge. Such consideration, made the subject of argument by counsel in the briefs here, and doubtless before the trial judge, are materials for an appeal not to the courts but to the forum of popular sympathy where affectations of gallantry and outraged dignity are often vouchsafed a hearing. As stated, the homicide was not committed in the heat of passion, nor in self-defense, nor upon sudden provocation. It was murder or nothing. That it was the product of multiplied instances of grievous personal wrongs whose accumulated weight tipped the scales of defendant's indecision toward a settled purpose to kill his oppressor serves to emphasize the element of deliberation. Having sought to take the law into his own hands, the law must in turn take the defendant into its own.

We find no error in the instructions for the State. In all of them, the jury is authorized to accept an alternate verdict of manslaughter. We find no reversible error in the refusal of instructions requested for the defendant.

Affirmed.