300 So.2d 788 (1974)
Frankie DYER
v.
STATE of Mississippi.
No. 48038.
Supreme Court of Mississippi.
September 30, 1974.
*789 William P. Dodson, Oxford, for appellant.
A.F. Summer, Atty. Gen. by Karen Gilfoy, Sp. Asst. Atty. Gen., Jackson, for appellee.
SMITH, Justice:
Frankie Dyer was indicted for the illegal sale of a controlled substance. He was tried and convicted in the Circuit Court of Alcorn County and was sentenced to serve a term of six years in the penitentiary and to pay a fine of $1,000. However, payment of the fine and two years of the prison term were suspended "pending good behavior." From his conviction and sentence he has appealed to this Court.
A number of grounds are assigned and argued as requiring reversal. Each of these has been examined and considered carefully, in the light of the record, and are found to be without merit. Only two require discussion.
On September 6, 1973, cases appearing on the docket which were triable at the October, 1973 term, were set for trial on a day certain. This case was set for trial October 8, 1973. It was called on that date and appellant's motion alleging discrimination in the selection of jurors was heard and was properly overruled.
On September 26, 1973, appellant filed a "motion to produce." Among other things demanded, the motion sought a "sample" of the controlled substance alleged to have been sold by appellant.
This motion, so far as the record discloses, was not brought to the attention of the trial judge until October 9, 1973. It was presented at that time, prior to the beginning of the trial proper, which commenced on that date. The request for a sample of the substance was sustained and the sample was supplied. The lateness of this action is assigned as error, it being argued now that the trial court's action came too late to permit an independent analysis.
A trial judge is not charged with knowledge of every paper filed with the court clerk. It is not the duty of the judge, ex mero motu, to search out and bring up such matters. On the other hand, the affirmative duty rests upon a party filing a motion to follow up this action by bringing it to the attention of the judge and by requesting a hearing upon it. Here, the motion to produce was filed on September 26, 1973, but was not brought to the attention of the judge until October 9, 1973, just before the trial began. This delay, in the absence of any showing of diligence on the part of appellant in bringing the motion to the attention of the trial judge, or of any refusal on his part to hear it, must be charged to appellant.
There is some evidence that such an analysis requires about twenty minutes and it is not shown that any attempt was made by appellant to obtain one.
Be that as it may, on October 12, 1973, appellant filed a motion for a new trial. Among other grounds assigned was that the order to produce came too late to be of any practical value. However, no proof whatever was offered in support of the motion. In order to prevail on this ground it would have been necessary that appellant show that it had not been reasonably possible to have had the substance analyzed during the several days which elapsed after the sample was supplied and prior to the hearing on his motion for a new trial which was held on October 12, 1973. Or, that the sample had been analyzed and had proved not to be the substance the appellant is charged with selling. Allegations of fact in a motion for a new trial must be supported by proof. Also, diligence must be established in a case such as this. An analysis of the substance might have been had prior to presentation of the motion for a new trial which would have then established whether the sample was or was not what the state analyst had testified that it was. On the hearing of the motion for a new trial it was not *790 shown that (1) an analysis had been obtained which showed that the substance was other than that testified to by the state analyst or (2) diligent effort had been made to obtain an analysis before presenting the motion for a new trial and that appellant had been unable to obtain one. In this state of the record, appellant cannot be heard to complain that the sample was given him too late.
Reversal is also sought because of the denial of a motion for a continuance on account of the absence of a witness. No subpoena for this witness was requested or issued until the day preceding the trial. It is conceded that the witness was in Tennessee. No showing was made in connection with the motion for a continuance as to what the testimony of the absent witness would be or that his testimony was relevant or material. The motion did not otherwise comply with Mississippi Code Annotated section 99-15-29 (1972). The overruling of the motion for a continuance was assigned as a ground in appellant's motion for a new trial. However, again on the motion for a new tiral, neither the witness nor his affidavit was produced and there was no proof of any kind to show that his testimony would be relevant or material. Nor was it shown that appellant had been diligent in his efforts to procure the presence of the witness, either at the trial or upon the hearing of his motion for a new trial. Ford v. State, 227 So.2d 454 (Miss. 1969). Again, under these circumstances, appellant cannot be heard to complain.
No prejudicial error having been committed in the trial of the case and the evidence having been sufficient to support the verdict, the judgment and sentence appealed from must be affirmed.
Affirmed.
GILLESPIE, C.J., and PATTERSON, INZER and SUGG, JJ., concur.