483 So.2d 354 (1986)
Darryl SHELTON
v.
Dr. Tommy G. PUCKETT, et al. and The Honorable Richard W. McKenzie, Circuit Judge.
Misc. No. 1729-A.
Supreme Court of Mississippi.
February 12, 1986.
*355 T. Mack Brabham, McComb, for appellant.
Francis T. Zachary, Jr., R. Webb Heidelberg, R.W. Heidelberg, Heidelberg, Sutherland & McKenzie, Hattiesburg, for appellees.
Before WALKER, P.J., and DAN M. LEE and ROBERTSON, JJ.
ROBERTSON, Justice, for the Court:

I.
This matter is before the Court on Darryl Shelton's Petition For Mandamus or Extraordinary Relief. Miss. Code Ann. §§ 11-41-1 et seq. (1972); Rule 32, Miss. Sup.Ct.Rules. The matter arises from a civil action for slander, interference with employment contract or prospective employment and other outrageous conduct wherein Dr. Tommy G. Puckett, and others have been named as Defendants.
The instant application, as amended, seeks to thwart a new trial of the matter ordered by Hon. Richard W. McKenzie, presiding over the Circuit Court of Forrest County, Mississippi.
A bit of background is necessary to understand the present proceedings. On November 22, 1983, this case was originally called for trial in the Circuit Court of Forrest County. On the second day of the trial, Plaintiff Shelton moved for a mistrial on grounds that the proceedings had been conducted in a manner prejudicial to his legitimate interests and the mistrial was granted.
Thereafter, Plaintiff Shelton moved that Judge McKenzie recuse himself from further participation in the case. That motion was denied. This was followed by Shelton's application to this Court for a writ of prohibition wherein he sought to prohibit Judge McKenzie from presiding at the new trial. That motion was denied by this Court on August 22, 1984, without prejudice on grounds that Judge McKenzie had not been made a party to the suit. Thereafter, Shelton renewed his motion for recusal in the Circuit Court and again Judge McKenzie overruled the request.
A second trial was held in March of 1985, at the conclusion of which the jury returned a verdict for Shelton and against Defendants in the amount of $100,000. Defendants filed the usual post-trial motions and on April 18, 1985, Judge McKenzie entered an order granting Defendants a new trial on all issues. See Rule 59, Miss. R.Civ.P.
Shelton's initial complaint here was that the order granting the motion for a new trial failed to specify the grounds of the court's action. Shelton argued that he needed to know what errors had occurred in the trial for the purpose of enabling him to avoid such errors if possible at the new trial. On November 15, 1985, this portion of Shelton's application became moot as the Circuit Court entered an order clarifying *356 the previous orders and setting forth the grounds for his actions.
As his application has been amended, Shelton now urges that we treat the case as an appeal from the order granting a new trial. The short answer here is that the granting of a new trial is not a final judgment and thus is ordinarily not appealable. Assuming, arguendo, that the matter were before us, it bears emphasis that the discretion vested in a trial judge with respect to a motion for a new trial is quite broad. Rule 59, Miss.R.Civ.P. Our authority to reverse is limited to those cases wherein the trial judge has abused his discretion. Clark v. Columbus & Greenville Railway Co., 473 So.2d 947, 950 (Miss. 1985); Jesco, Inc. v. Whitehead, 451 So.2d 706 (Miss. 1984). There is nothing before us from which we may conclude with confidence that the trial judge abused his discretion in this matter.

II.
There is one feature of the proceedings below which has caused us some concern and which requires comment. Shelton urges that during the time he was giving his testimony in open court the circuit judge was carrying on a conversation with the court administrator. Counsel argues that this was distracting to the jury and particularly to the witness who was on cross-examination.
The following exchange between the trial judge, counsel and the plaintiff gives flavor to the point.
BY T.M. BRABHAM:
Yes, sir, Your Honor, there's one other request 
BY THE COURT:
Excuse me.
BY T.M. BRABHAM:
 that I would like to make. I think it's very distracting for the jury  several times yesterday during the Plaintiff's testimony, there were people that approached the bench that were  it may have been urgency or necessity, I don't have any way of knowing what they said, but several times the bench was approached by a person who was not involved in this litigation, which the court had to discuss certain matters with, and I think that 
BY THE COURT:
Mr. Brabham, do you want to come up here and sit on this bench? If you do, you get and run nine, long, hard, agonizing months and you spend $36,000 doing that, and when you do, sir, you can come up here and run this court. Until that time, I'll run it, do you understand that?
BY T.M. BRABHAM:
Yes, sir.
BY THE COURT:
Take a seat.
BY T.M. BRABHAM:
For the record, Your Honor, the objection that I was making or the request 
BY THE COURT:
Let the record reflect that we are outside the presence of the jury.
BY T.M. BRABHAM:
And that the attorneys are present along with Darryl Shelton and his Honor. The requestion that I have is that during the course of the trial, I noticed one time someone  not a party to this lawsuit, whom I now understand was your Court Administrator, came up to the bench and carried on conversation with the Court during a time that the witness, Darryl Shelton, was testifying, if my memory serves me correctly. I just don't remember if he was on cross or direct examination or both, but I do know that the conversation between the Court and the Court Administrator took place in the presence of the jury and when the Plaintiff was giving testimony, that it rattled the Plaintiff and disrupted his train of thought.
BY THE COURT:
Mr. Shelton, were you in fact rattled by the conversation?
BY MR. SHELTON:
Mr. Zachary was cross-examining me about one of the dates of something that took place and I could hear the talking in there and I couldn't think.

*357 BY THE COURT:
Do you want a mistrial declared in this trial?
BY MR. SHELTON:
No, sir.
BY THE COURT:
Mr. Shelton, if you feel this Court is not being run right, I want you to be satisfied with what is going on here. I want your lawyer to be satisfied with it. I'll go out there right now and declare a mistrial if you want me to.
BY T.M. BRABHAM:
No, sir, I certainly was not being disrespectful to the Court, I felt it was my duty.
BY THE COURT:
For the record, and you will be given an opportunity to dictate into this record anything you want to. Let the record reflect that I advised this jury there would be times during the course of the trial that I would need to confer with the District Attorney's office, with the Court Administrator, and with lawyers. I would like to think that I have enough intelligence to listen and at the same time confer, within limits, with people at the bench. The five years that I have been on the bench, this is the first time that anyone doubted that I could do so. Certainly that anyone had the gall to say so, or to raise it as an issue in the course of a trial. The jury was instructed of that and there have been times when that has had to be done without the Court taking a recess. I thought for the time  the saving of time and the convenience of parties and litigants but from now on when someone needs the services of this Court, we will take a recess and the attorneys and litigants can sit there while the Court carries on other business of this Court. For the sake of this record we are operating here with something over 600 cases, other cases, on the civil docket and close to 500 on the criminal docket. This is not the only case we have before us. If you wish to dictate anything in this record, Counsel, feel free to do so.
Obviously, there will be occasions when it will become absolutely necessary that court officials communicate with the presiding judge during the course of trial. Because of the potential for disruption or distraction, however, clear guidelines should be promulgated and enforced. In all except the briefest of such communications, the court should declare a recess in the proceedings. Moreover, communication which are not of an emergency or extraordinary nature should wait until the next regularly scheduled recess in the trial proceedings. All court officials should be expected to abide by such guidelines.
We have a greater concern beyond that of disruption of the proceedings or distraction of the attention of a witness or juror, even though the communications may be whispered. There is a very real danger that a trial judge by diverting his attention to such matters may communicate to the jury the impression that the testimony or evidence being presented is not that important, that the judge has other more pressing matters to attend. We have recognized in another context that "the very position of a judge during trial makes each comment unusually susceptible of influencing a juror or the jury". Hannah v. State, 336 So.2d 1317, 1321 (Miss. 1976). See also Thompson v. State, 468 So.2d 852, 854 (Miss. 1985); Stubbs v. State, 441 So.2d 1386, 1389 (Miss. 1983); Fulgham v. State, 386 So.2d 1099, 1101 (Miss. 1980); Myers v. State, 99 Miss. 263, 266, 54 So. 849 (1911).
For this reason, among others, a trial judge should be attentive, and should appear so, to the testimony of each witness  and equally so  to the end that he may not inadvertently communicate to the jury his opinion regarding the value or credibility of the testimony being offered.
PETITION FOR WRIT OF MANDAMUS OR OTHER EXTRAORDINARY RELIEF DENIED
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, SULLIVAN and ANDERSON, JJ., concur.