IN THE COURT OF APPEALS

8/26/97

OF THE

STATE OF MISSISSIPPI

NO. 95-KA-00683 COA

TIMOTHY TYRELL SMITH A/K/A

TIMOTHY TERRELL SMITH APPELLANT

v.

STATE OF MISSISSIPPI APPELLEE

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

TRIAL JUDGE: HON. LAMAR PICKARD

COURT FROM WHICH APPEALED: COPIAH COUNTY CIRCUIT COURT

ATTORNEY FOR APPELLANT: M. A. BASS, JR.

ATTORNEYS FOR APPELLEE: OFFICE OF THE ATTORNEY GENERAL

BY: JOLENE M. LOWRY

DISTRICT ATTORNEY: ALEXANDER C. MARTIN

NATURE OF THE CASE: CRIMINAL-FELONY

TRIAL COURT DISPOSITION: UNLAWFUL SALE OF COCAINE: SENTENCED TO SERVE A TERM OF 30 YRS IN THE MDOC

MOTION FOR REHEARING FILED:10/6/97

CERTIORARI FILED: 12/1/97

MANDATE ISSUED: 3/18/98

BEFORE McMILLIN, P.J., COLEMAN, DIAZ, AND PAYNE, JJ.

DIAZ, J., FOR THE COURT:

Timothy Tyrell Smith was indicted for the sale of crack cocaine within 1500 feet of a school or church yard on May 5, 1995. Smith stood trial on May 22, 1995, in Copiah County, Mississippi, and was found guilty by a jury. The judge then sentenced Smith to serve thirty years in the Mississippi Department of Corrections. Aggrieved, Smith filed a notice of appeal after his JNOV and motion for a new trial were denied.

## FACTS

On March 1, 1995 the Hazlehurst Police Department coordinated an undercover drug bust. Hazlehurst police used an undercover police officer, Chris Palmer, from the Crystal Springs Police Department. Palmer made a purchase of two rocks of crack cocaine from Smith while under audio and video surveillance. Smith was arrested, tried, and convicted, and is now serving thirty years in Mississippi Department of Corrections.

## ISSUES

A. Did the trial court commit reversible error when it denied Smith's motion for a directed verdict/JNOV because of insufficiency of evidence, and was the verdict against the overwhelming weight of the evidence such that the judge should have granted Smith a new trial?

Smith argues that the trial judge erred when he denied Smith's motion for a directed verdict at the end of the State's case and again at the end of Smith's case. Smith also argues that his motion for a JNOV/new trial should have been granted in the alternative. A motion for a directed verdict and JNOV deal with the sufficiency of the evidence while a motion for a new trial deals with the weight and credibility of the evidence. This Court will deal with the motions for a directed verdict and JNOV first.

1. Sufficiency of the evidence.

A challenge to the legal sufficiency of the evidence springs from the denial of a motion for directed verdict at the end of the State's case and from a motion for JNOV after the jury verdict. *McClain v. State,* 625 So. 2d 774, 778 (Miss. 1993). A challenge such as this requires an analysis of the evidence by the trial judge to determine whether a hypothetical juror could find, beyond a reasonable doubt, that the defendant is guilty. *May v. State,* 460 So. 2d 778, 781 (Miss. 1984). If the judge determines that no reasonable juror could find the defendant guilty, then he must grant the motion. *Id.* If the judge finds that a reasonable juror could find the defendant guilty beyond a reasonable doubt, then he must deny the motion. *Id.* In the case at hand, Smith made a motion for a directed verdict at the end of the State's case and again at the end of his own case, both of which were denied. Smith also made a motion for a JNOV, or in the alternative a motion for a new trial after the verdict was returned. This Court must rule on the last challenge made, which is the motion for a JNOV. This Court's scope is limited to the same examination as that of the trial court in reviewing the motion for a JNOV. That is, if the facts point in favor of the defendant to the extent that reasonable jurors could not have found the defendant guilty beyond a reasonable doubt, viewing all facts in the light most favorable to the State, then it must sustain the assignment of error. *Blanks v. State,* 542 So. 2d 222, 225-26 (Miss. 1989). Of course, the opposite is also true. We may reverse the trial court's ruling only where one or more of the elements of the offense charged is lacking to such a degree that reasonable jurors could only have found the defendant not guilty. *McClain,* 625 So. 2d at 778.

Here there was sufficient evidence to find Smith guilty beyond a reasonable doubt. The State made out its prima facia case by proving that Smith sold cocaine to an undercover agent. After the State made out its prima facia case, the defense put on its case to prove that Smith was not the person who sold the cocaine to the undercover agent. Both the State and Smith put forth evidence which required that the judge leave the final decision of guilt or innocence to the jury. We affirm the trial judge's ruling on this issue.

2. Weight of the evidence.

The second argument the defense makes is that the jury's verdict was against the overwhelming weight of the evidence. In reviewing this claim, the Court should examine the trial judge's overruling of Smith's motion for a new trial. *Jones v. State,* 635 So. 2d 884, 887 (Miss. 1994). The fact that a trial judge denies a motion for directed verdict or a motion for an acquittal notwithstanding the verdict in no way affects his ruling on a motion for a new trial. *May,* 460 So. 2d at 781. The decision of whether or not to grant a motion for a new trial rests in the sound discretion of the trial judge and should be granted only where the judge is convinced that the verdict is so contrary to the overwhelming weight of the evidence that failure to grant the motion would result in an unconscionable injustice. *Id.* In determining whether a verdict is against the overwhelming weight of the evidence or not, this Court must view all evidence in the light most consistent with the jury verdict and should not overturn the verdict unless we find that the trial court abused its discretion when it denied the motion. *Blanks,* 542 So. 2d at 228. The proper function of the jury is to decide the outcome in this type of case, and the court should not substitute its own view of the evidence for that of the jury's. *Id.* at 226. Likewise, the reviewing court may not reverse unless it finds there was an abuse of discretion by the lower court in denying the defendant's motion for a new trial. *Veal v. State,* 585 So. 2d 693, 695 (Miss. 1991).

Upon reviewing all of the evidence presented in the light most consistent with the verdict, we find that the trial judge did not abuse his discretion in denying Smith's motion for a new trial. The judge, finding that the State had made out a prima facia case, allowed the case to go to the jury. The jury properly performed its function by drawing reasonable inferences from the evidence presented and rendering a verdict which was supported by the evidence. Therefore, we affirm the lower court's denial of a directed verdict and the motion for a new trial.

C. Did the trial court commit error when it failed to grant Smith a new trial on the basis that the sentence of thirty years was in violation of the eighth amendment?

Smith argues next that the court's refusal to reduce his thirty-year sentence was error and violated the Eighth Amendment. However, there is no evidence in the record that Smith made any objection to the length of the sentence at the time of sentencing. It is well established in Mississippi law that the lack of contemporaneous objection during trial bars the issue from being raised for the first time on appeal. *Jackson v. State,* 684 So. 2d 1213, 1226 (Miss. 1996); *King v. State,* 615 So. 2d 1202, 1207 (Miss. 1993). This Court need not decide whether or not the sentence imposed in this case is in violation of the Eighth Amendment because Smith's failure to make a timely objection precludes our review of the issue. *Norman v. State,* 385 So. 2d 1298, 1302 (Miss. 1980).

However, we will say that a sentence imposed at trial will not be disturbed by this Court as long as it falls within the limits allowed by statute. *Stromas v. State,* 618 So. 2d 116, 122 (Miss. 1993). The sentence in question does fall within the maximum allowed by the statute under which Smith was indicted and found guilty.

We, therefore, affirm the trial court's decisions on the above issues.

**THE JUDGMENT OF THE CIRCUIT COURT OF COPIAH COUNTY OF CONVICTION OF SALE OF COCAINE WITHIN 1500 FEET OF A SCHOOL OR CHURCH AND SENTENCE TO THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. THE COSTS OF THIS APPEAL ARE ASSESSED TO COPIAH COUNTY**.

**BRIDGES, C.J., McMILLIN AND THOMAS, P.JJ., COLEMAN, HERRING, HINKEBEIN, KING, PAYNE, AND SOUTHWICK, JJ., CONCUR.**