McMILLIN, C.J.,
dissenting:
¶ 22. I respectfully dissent. Little claims in this appeal that his conviction of embezzlement from his employer ought to be reversed because, when he asked in discovery for all exculpatory evidence, the State did not turn over the employer’s “cash receipts journal” — a book that, according to his lawyer’s assertions, proves that much of the money Little was accused of having stolen was, after all, deposited into the company’s bank account. Alternatively, Little argues that, if there was no discovery violation, this journal nevertheless constitutes newly-discovered evidence that would entitle him to a new trial.
¶ 28. It is not so much Little’s legal argument that I find faulty as it is that, in my view, he has totally failed to lay a proper factual basis to support his legal assertions. Other than unsupported con-clusory statements by Little’s attorney, there is nothing in the record that I could find to explain what factual information this journal revealed and how the information could be used to prove that the company’s funds, thought to be missing, were in the bank all the time (or at least most of them). Little, as the movant, had the burden of showing facts that would entitle him to the relief he sought. See, e.g., Dyer v. State, 300 So.2d 788, 789-90 (Miss.1974). Specifically, Little needed to demonstrate the exculpatory nature of this journal before the State could be faulted for failing to furnish it to him in discovery. In my view, he has utterly failed to do so.
¶ 24. I see the same unavoidable stumbling block in Little’s alternative “newly-diseovered-evidence” argument. The applicable rule says that a new trial may be ordered only if the new evidence “would probably produce a different result at a new trial....” URCCC 10.05(3). I find nothing beyond defense counsel’s unsubstantiated assertions to suggest how and why this largely-unexplained journal had any likelihood of producing a different result if the case were retried.
¶ 25. Additionally, the rule provides that a new trial should be ordered only if “such evidence could not have been discovered sooner, by reasonable diligence of the attorney. ...” URCCC 10.05(3). It would be my thought that, in preparing to defend an employee accused of embezzling from his employer, defense counsel could reasonably be expected to make every reasonable effort to become fully knowledgeable about the financial books and records maintained by the employer in order to assess the strength of the State’s case and to see if there might be records or documents essential to an effective defense of the charges that were either undiscovered or unappreciated by the prosecution. In this case, the only indication in the record of defense counsel’s effort to learn about this supposedly exonerating journal before trial was a generic discovery request to the State to produce all exculpatory evidence. In a ease of this nature, that request hardly seems to comport with notions of employing “reasonable diligence” to discover evidence from whatever source that might be useful to the defense. Only if defense counsel could demonstrate that he was rebuffed or misled in his efforts to make a thorough examination of those financial records that might reasonably bear on the charges would it seem that this requirement to use “reasonable diligence” in preparing for trial could be shown. That is not the case here, and, for that reason, as well as the others set out above, I would affirm the conviction.
SOUTHWICK, P.J., AND BRIDGES, J., JOIN THIS SEPARATE OPINION.