ETHRIDGE, Chief Justice:
John Crowder, appellant, was convicted in the Circuit Court of Lee County of assault and battery with intent to kill and murder Roy Lockridge, and was sentenced to serve a term of five years in the state penitentiary.
The great weight of the evidence supports the jury’s finding of guilt. Crow-der and Lockridge both worked at an industrial plant in Tupelo. Crowder and Floyd had been having mutual trouble for some time. Lockridge, who worked with Crowder, became involved, apparently inadvertently, in the dispute between Crow-der and Floyd. When Crowder asked Lockridge to confirm that Lockridge had told him that Floyd was trying to get Lock-ridge to refuse to work with Crowder and *921 to get Crowder fired, Lockridge denied having made such statements. Crowder then called Lockridge a liar and threatened to kill him the next time he saw him.
Crowder went home, got a pistol, returned to the plant, told Lockridge he was going to kill him, shot at him, then as Lock-ridge approached, shot Lockridge in the heart, and in the ensuing tussle, in the hand. Four of Lockridge’s co-workers confirmed his version of the shooting.
On the other hand, Crowder admitted that he was quite angry. He said he went home, and thought that by returning to the plant with his pistol he could persuade Lockridge to tell the “truth” about Floyd. When Lockridge refused, Crowder shot over his head, he contends, not intending to hit him, but that Lockridge then advanced on him and grabbed him, and in the ensuing struggle the two shots which hit Lockridge were fired accidentally. On the other hand, the state’s witnesses all said that the shot which hit Lockridge in the heart was fired by defendant before Lock-ridge had reached him.
The defendant’s testimony is in direct conflict with that of the five witnesses who observed the event. The jury is the judge of the credibility of these witnesses. McLelland v. State, 204 So.2d 158 (Miss.1967).
The indictment charged that the offense was committed on November 14, 1968, but the evidence reflected that it occurred on August 30, 1968. Mississippi Code 1942 Annotated section 2451 (1956) states that an indictment shall not be insufficient for omitting to state the time at which the offense was committed in a case where time is not of the essence of the offense. However, appellant contends that the statute in the instant case is in conflict with Mississippi Constitution Section 26, guaranteeing an accused notice of the nature of the offense for which he is charged. Provided an accused clearly understands the offense for which he is charged, time is not of the essence of the crime of assault and battery with intent to kill and murder. Washington v. State, 222 Miss. 782, 77 So.2d 260 (1955). Moreover, at no time during the trial or in a motion for a new trial was this particular ground for objection raised, so appellant necessarily waived any right to complain of a variance, even assuming it were material. Finally, the entire record reflects that appellant was fully apprised of the place, date, time, persons involved, and the details of the incident. Hence the variance between the dates could not have prejudiced appellant in presenting his defense.
Affirmed.
RODGERS, PATTERSON, SMITH and ROBERTSON, JJ., concur.