ETHRIDGE, Chief Justice:
Jimmy Deaton, appellant, was convicted of grand larceny in the Circuit Court of Lee County, for the theft of 200 quail of the value of $1.00 each. The evidence supports the jury’s verdict, including its finding that the stolen quail were worth more than the necessary $100 to constitute grand larceny. Miss. Code 1942 Ann. § 2240 (Supp.1968). The owner of the quail and an accomplice of defendant both testified sufficiently as to their value.
The indictment charged that the crime was committed on November 14, 1968, while the evidence showed that it was actually committed on August 16, 1968. Under Code section 2451, an indictment is not insufficient for omitting to state the time at which the offense was committed in a case where time is not of the essence, or for stating the time imperfectly. Miss. Code 1942 Ann. § 2451 (1956). Time may or may not be of the essence of an offense when an alibi defense is presented, depending upon the circumstances of the particular case. Snow-den v. State, 62 Miss. 100 (1884). In the instant proceedings the record reflects that appellant was not surprised or prejudiced by testimony that the offense occurred on August 16, rather than the date charged in the indictment. Appellant offered testimony of an alibi for both dates. Moreover, the opening statement of the district attorney contended that the crime was committed on the proper date, and, when the owner of the quail was testifying concerning the date of the offense, the court overruled defendant’s objection to testimony about the August 16 date.
The State obtained four instructions, and originally the court approved sixteen instructions for defendant, including one which told the jury that if the state failed to prove that Deaton stole the birds in question on November 14, 1968, then it should find for defendant. On closing arguments, defendant’s attorney referred to that instruction and argued that, if the jury believed the testimony, it could not find that the quail were stolen on November 14. The jury retired to consider its verdict, after having been handed the instructions with the one in question removed and marked “refused” by the trial judge. We find no reversible error in the withdrawal of that instruction from the jury. The possibility of prejudice is remote at best.
A trial judge may withdraw a previously granted instruction during closing arguments. The court, either on its own motion or on motion of counsel, may correct errors in its instructions by withdrawing one, and it will be presumed on appeal that the jury accepted the instructions as granted. McLaurin v. State, 205 Miss. 554, 37 So.2d 8 (1948). The able judge who presided over the trial again considered defendant’s contention that this action was error on the motion for a new trial, and necessarily found no prejudice. He did not abuse his discretion in so doing.
Affirmed.
RODGERS, JONES, BRADY and SMITH, JJ., concur.