866 So.2d 1107 (2003)
Eric Shawn DAVIS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-KA-00209-COA.
Court of Appeals of Mississippi.
September 30, 2003.
Rehearing Denied December 16, 2003.
*1108 Pamela A. Ferrington, Natchez, attorney for appellant.
*1109 Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before KING, P.J., BRIDGES and IRVING, JJ.
IRVING, J., for the court.
¶ 1. Eric Shawn Davis was convicted by an Adams County jury of two counts of simple assault, one count of aggravated assault and one count of possession of a deadly weapon by a convicted felon. Feeling aggrieved, Davis has appealed and alleges (1) that the indictment was defective and should have been quashed, (2) that the jury's verdict was against the weight of the evidence, and (3) that the evidence was legally insufficient to sustain the convictions.
¶ 2. Detecting no reversible error, this Court affirms the trial court's judgment.

FACTS
¶ 3. On November 3, 1999, around 7:20 a.m., Vanessa James was treated in Natchez Regional Medical Center for bruises to her face, neck, hemorrhaging in the whites of her eyes, and a small puncture wound above her left breast. James told the hospital staff that her injuries were from a fight she had two days earlier.
¶ 4. James identified her attacker as Eric Shawn Davis. James and Davis were involved in a sexual affair. James testified that, on the night of the assault, she picked up Davis while he was walking on the side of the road. They then went to his aunt's house where Davis retrieved a shotgun. Afterwards, they went to a convenience store to get gas for James's car. While at the convenience store, James spoke to a male friend, Kenneth Evans. Davis became upset upon observing James's speaking with Evans and began verbally attacking her, stating "you are going to disrespect me like this." James quickly ended her conversation with Evans and went to pay for the gas. Davis then stopped James again and said, "You stupid b-t-h. How you going to disrespect me like this?" Davis pushed and shoved James as she walked into the convenience store. Later, while James was talking with the cashier, Latonya Ellis, Davis stated, "Well, I'm going to kill your atonight."
¶ 5. James and Davis then left the gas station. While James was driving, Davis put the shotgun to her head and asked her if she thought he was playing with her regarding the disrespect she had shown him earlier at the convenience store. James brushed the gun away from her head. Davis then shot the driver's side window out and asked James if she still thought that he was playing.
¶ 6. After the shot, James continued to drive the car until instructed by Davis to pull over to the side of the road. Davis commanded James out of the car. When James exited the car, Davis punched her in the face while repeating his disbelief at her disrespect of him earlier at the convenience store. Davis then threw James on the ground and began choking her. After Davis stopped choking her, she got up off the ground, but then he stabbed her left breast with a screwdriver-like object. Afterwards, Davis forced James to lie on the ground in the front of the car and attempted to run over her, but James jumped behind some trees to avoid being hit. Davis instructed James to get back in front of the car and again drove towards her. Again James jumped behind the trees to avoid being hit.
¶ 7. After his second attempt to run over James, Davis told James to get into the car, and they drove off. Other pertinent facts will be related during the discussion of the issues.

*1110 ANALYSIS AND DISCUSSION OF THE ISSUES
1. Defective Indictment
¶ 8. Davis argues that the indictment is facially defective and should have been quashed. The indictment charged that the assault of James occurred on or about November 3, 1999. Davis claims that the date recited in the indictment is significant, for it demonstrates that the crimes with which he was charged could not possibly have been committed on the third of November.
¶ 9. Before we assess the merits of this issue, we address the contention made by Davis that he is not procedurally barred from challenging the sufficiency of the indictment on appeal. The record reveals that Davis did not object to the indictment. Any variance in an indictment not objected to at trial is waived. Washington v. State, 800 So.2d 1140, 1145(¶ 14) (Miss.2001) (citing Ellis v. State, 254 So.2d 902, 903 (Miss.1971)). Notwithstanding this waiver, we review this issue and find it to be without merit.
¶ 10. As previously noted, the amended indictment alleges that the offenses occurred on or about the 3rd day of November 1999.[1] Rule 7.06 of the Uniform Circuit and County Court Rules provides that the "[f]ailure to state the correct date shall not render [an] indictment insufficient." Mississippi Code Annotated section 99-7-5 states:
An indictment for any offense shall not be insufficient for omitting to state the time at which the offense was committed in any case where time is not of the essence of the offense, nor for stating the time imperfectly, nor for stating the offense to have been committed on a day subsequent to the finding of the indictment, or on an impossible day, or on a day that never happened, nor for the want of a proper or perfect venue.
Miss.Code Ann. § 99-7-5 (Rev.2000) (emphasis added).
¶ 11. The question of whether an indictment is fatally defective is an issue of law and deserves a relatively broad standard of review by an appellate court. Nguyen v. State, 761 So.2d 873, 874(¶ 3) (Miss.2000) (citing Peterson v. State, 671 So.2d 647, 652 (Miss.1996)). The Mississippi Supreme Court has held time and time again that a variance in the date on an indictment will not be a cause for reversal where there is no prejudice by such variance. Crowder v. State, 239 So.2d 920, 921 (Miss. 1970); see also Smith v. State, 144 Miss. 872, 110 So. 690 (1926); Peebles v. State, 105 Miss. 834, 63 So. 271 (1913). In Daniel v. State, 536 So.2d 1319 (Miss.1988), an indictment, charging the defendant with committing sexual battery "on or about" a certain date, was found to be sufficiently specific to put the defendant on notice of the charge against him and the date that the crime took place, even though the evidence at trial indicated that the crime occurred four days after the date named in the indictment. Id. at 1326. Also, in Deaton v. State, 242 So.2d 452 (Miss.1970), the court held that an indictment, charging the defendant with theft of quail, was sufficient even though the indictment alleged that the offense occurred on a date other than that shown by the evidence. The record showed that the defendant was not *1111 surprised or prejudiced by the date discrepancy. Id. at 453.
¶ 12. A review of the facts reveals that Davis was not prejudiced by the lack of specificity in the listing of the date of the offenses charged in the indictment. "If an indictment reasonably provides the accused actual notice and includes the seven specific enumerated items [in Rule 7.06 of the Uniform Circuit and County Court Rules, formerly Rule 2.05 of the Uniform Criminal Rules of Circuit Court Practice], it is sufficient." Armstead v. State, 503 So.2d 281, 283 (Miss.1987) (citations omitted). The indictment in this case meets this standard. The change in the date of the offenses did not affect the viability of Davis's defense. The date was not the essence of the crimes and was, therefore, amendable and not fatal. Washington, 800 So.2d at 1145(¶ 14). Davis does not actually allege prejudice, nor does he allege that he was unfairly surprised by the change in the date on the amended indictment. He was able to prepare and present a defense to the charged offenses. We find this issue is without merit.
2. Weight of the Evidence
¶ 13. Davis contends that the jury's verdict was against the overwhelming weight of the evidence. "In determining whether a jury verdict is against the overwhelming weight of the evidence, [an appellate] court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial." Herring v. State, 691 So.2d 948, 957 (Miss.1997) (citing Thornhill v. State, 561 So.2d 1025, 1030 (Miss.1989)). "Only when the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will [an appellate] court disturb it on appeal." Id. (citing Benson v. State, 551 So.2d 188, 193 (Miss.1989)). "Thus, the scope of review on this issue is limited in that all evidence must be construed in the light most favorable to the verdict." Id. (citing Mitchell v. State, 572 So.2d 865, 867 (Miss.1990)).
¶ 14. Davis argues that the evidence established that James could not have been assaulted on the third day of November; therefore, the jury's verdict goes against the weight and sufficiency of the evidence. Davis submits that there was ample contradictory evidence that he did not assault James on the aforementioned date. He points out, for example, the testimony of James's treating physician in the emergency room, Dr. Ivan Farmer. Dr. Farmer testified that he attended to James's injuries on November 3, 2003. According to Davis, this fact proves that he could not have assaulted James on such date. Davis also argues that the altercation witnessed by Evans and Ellis could not have occurred on the third because that was the date of the emergency room treatment.
¶ 15. We fail to see the logic in Davis's arguments. The issue was not whether the assault occurred on a certain date but whether Davis did in fact assault James, no matter the date. As we previously discussed, the variance between the date listed in the indictment and the actual date of the offenses are not cause for reversal. The essence of the crime was not the date. Moreover, Davis did not argue at trial that he did not assault James, nor did he argue that he did not possess a firearm. He generally denied that he committed the crimes at all. The jury is under no duty to believe Davis's denial where there is ample contradictory evidence. Pate v. State, 419 So.2d 1324, 1326 (Miss.1982).
*1112 ¶ 16. Furthermore, the evidence adduced at the trial consisted of not only James's testimony, but that of three witnesses who either saw James's and Davis's altercation at the convenience store or saw Davis's actual possession of the firearm. Two of the witnesses were eyewitnesses to the altercation. Ellis was a cashier at the gas station. She testified that, although she did not know the exact date of the altercation, she witnessed Davis becoming upset and physically pushing James after James spoke to Evans. She also heard Davis's threat to kill James later that night. Evans, the other eyewitness, testified that he heard Davis curse James and saw him push her head into the convenience store's glass door. Additionally, Thelma Gaylor testified that Davis was in possession of a shotgun when he received a ride from her and her husband and that when he exited their car, he took the shotgun with him.
¶ 17. We emphasize that it is the jury's duty to weigh witness credibility. Pate, 419 So.2d at 1326. Juries are empaneled to resolve questions of fact. The jury determined from the evidence presented at trial that Davis committed the crimes of simple assault, aggravated assault, and possession of a deadly weapon by a convicted felon. Allowing the jury's verdict to stand will not sanction an unconscionable injustice. We find this issue to be without merit.
3. Sufficiency of Evidence
¶ 18. Davis contends that the evidence presented by the State was weak and wholly insufficient to support his convictions. Davis insists that the State did not prove the elements of the crimes charged and did not satisfy its burden of persuasion. Davis emphasizes that the jury's findings on the first two counts of the indictments of simple assault render the verdict of aggravated assault on the third count of the indictment inconsistent and unreasonable. Moreover, Davis alleges that evidence supporting the conviction on count four of the indictment strains the bounds of credibility.[2]
¶ 19. The State explains that Davis is procedurally barred from arguing insufficiency of evidence because he never filed a written motion for a JNOV, nor did he request a peremptory instruction. Therefore, Davis did not preserve the issue for appellate review. The law of this state on this issue is clear:
It is elemental that after a motion for directed verdict is overruled at the conclusion of the State's evidence, and the appellant proceeds to introduce evidence in his own behalf, the point is waived. In order to preserve it, the appellant must renew his motion for a directed verdict at the conclusion of all the evidence.
Harris v. State, 413 So.2d 1016, 1018 (Miss.1982). At the conclusion of all the evidence, Davis did renew, ore tenus, his motion for a directed verdict. Therefore we find that Davis has preserved the issue of insufficiency of the evidence for this Court's review.
¶ 20. The State also insists that Davis has waived the grounds he now argues on appeal, namely the denial of his directed verdict made at the close of the evidence. Again, the State asserts that Davis is procedurally barred but this time argues that he is barred because he did not specifically *1113 plead insufficiency of the evidence for counts three and four to the trial court.
¶ 21. Concerning the second procedural bar assertion, the case law states "[a] motion for a directed verdict on the grounds that the state has failed to make out a prima facie case must state specifically wherein the state has failed to make out a prima facie case." Banks v. State, 394 So.2d 875, 877 (Miss.1981). "Moreover, motions for a directed verdict must be specific and not general in nature." Id. "In the absence of such specificity, the trial court will not be put in error for overruling same." Id.
¶ 22. Davis insists that the facts of this case do not support a conviction of aggravated assault for count three of the indictment. Davis explains that the facts may support simple assault as defined in section 97-3-7(1)(c) of the Mississippi Code 1972 as annotated and amended.[3] Davis undergirds this contention by stating that the facts do not conform with aggravated assault. The relevant part of the statute defining aggravated assault states:
A person is guilty of aggravated assault if he (a) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; or (b) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm;
Miss.Code Ann. § 97-3-7(2) (Rev.2000).
¶ 23. Davis explains in regards to count three, that the State did not offer any proof or even any allegations that Davis caused any type injury to James with her car. Also, he claims the State did not present any proof of fear of death or fear of serious bodily injury to the jury for consideration. Therefore, Davis concludes that the State clearly failed to meet its burden of proving beyond a reasonable doubt that Davis was attempting to run over James with the automobile or that he was attempting to cause her bodily injury. In regards to count four, Davis explains that the State did not produce sufficient proof on this charge either. Specifically, he points out that the State did not produce the shotgun or any other evidence to support this charge.
¶ 24. Despite Davis's appellate arguments, we find that he did not raise these arguments in the trial court. Therefore, this Court is not obligated to review these arguments here. "A trial judge cannot be put in error on a matter which was not presented to him for decision." Crenshaw v. State, 520 So.2d 131, 134-35 (Miss. 1988).
¶ 25. Notwithstanding the procedural bar, we briefly review Davis's arguments and find them wholly without merit. In challenges to the sufficiency of the evidence, the standard of review requires that the evidence must be considered in the light most favorable to the State and all credible evidence consistent with the defendant's guilt must be accepted as true. McRee v. State, 732 So.2d 246, 249(¶ 9) (Miss.1999). An appellate court must review all of the evidence in the light most consistent with the jury's verdict. Smith v. State, 802 So.2d 82, 85(¶ 10) (Miss.2001). "If the facts and inferences so considered point in favor of the accused with sufficient force that reasonable men could not have found beyond a reasonable doubt that he *1114 was guilty, reversal and discharge are required." Id.
¶ 26. Davis attacks James's and Gaylor's testimony. He describes James's testimony as inconsistent, contradictory and biased. Davis points out that the State presented no physical evidence connecting Davis to the injuries sustained by James. Davis also attacks the credibility of Gaylor's testimony that she saw him with a shotgun. He points out that Gaylor was discredited concerning her testimony that she saw Davis with a shotgun on the night in question.
¶ 27. For the reasons and facts previously recounted and addressed, specifically during our discussion of the "weight of evidence" issue, we find ample evidence to support the verdicts. We are satisfied that fairminded and impartial persons could find Davis guilty of the charges. This issue is without merit.
¶ 28. THE JUDGMENT OF THE CIRCUIT COURT OF ADAMS COUNTY OF CONVICTION OF COUNT I, SIMPLE ASSAULT AND SENTENCE OF SIX MONTHS IN THE COUNTY JAIL; COUNT II, SIMPLE ASSAULT AND SENTENCE OF SIX MONTHS IN THE COUNTY JAIL; COUNT III, AGGRAVATED ASSAULT AND SENTENCE OF LIFE; AND COUNT IV, POSSESSION OF A DEADLY WEAPON BY A CONVICTED FELON AND SENTENCE OF LIFE AS AN HABITUAL OFFENDER IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ADAMS COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.
NOTES
[1] The original indictment stated that offenses occurred "on or about" December 2, 1999. A mistrial was ordered on September 18, 2000, due to the trial court's "allowing an amendment to the indictment that rendered the defendant unable to proceed in said proceedings." An order granting an amendment to the indictment was signed on January 4, 2001, changing the date of the offenses to "on or about" November 3, 1999.
[2] The amended indictment charged Davis in count one with assault with a deadly weapon, namely a shotgun; in count two, assault with a deadly weapon, namely a screwdriver; in count three, assault with a deadly weapon, namely an automobile; and in count four, with possession of a deadly weapon, a shotgun, as a convicted felon.
[3] "A person is guilty of simple assault if he... attempts by physical menace to put another in fear of imminent serious bodily harm...." Miss.Code Ann. § 97-3-7(1)(c) (Rev.2000).