LEE, C.J.,
 

 for the Court:
 

 PROCEDURAL HISTORY
 

 ¶ 1. Curtis Philpot was indicted in the Circuit Court of Madison County on charges of sexual battery, kidnapping, and aggravated assault. The jury found Phil-pot guilty of aggravated assault. He was sentenced to twenty years in the custody of the Mississippi Department of Corrections with the last four years suspended and five years’ supervised probation.
 

 ¶ 2. Philpot now appeals, asserting that the verdict was against the overwhelming weight and sufficiency of the evidence. Finding no error, we affirm.
 

 FACTS
 

 ¶ 3. After spending the afternoon at a bar in Jackson, Mississippi, Philpot returned home to watch the 2005 Superbowl with his girlfriend, Dawn Campbell. The couple lived in Campbell’s home in Madison, Mississippi. Philpot and Campbell were both drinking, and they began to argue. Campbell eventually fell asleep,
 
 *529
 
 and Philpot hid her car keys and alcohol. He then fell asleep.
 

 ¶ 4. Philpot testified that when he woke up, Campbell was yelling at him and pointing his gun at him. Philpot testified that he kept a gun with him because he was in the business of debt collection. According to Philpot, he tried to take the gun from Campbell after she had threatened to shoot him. A struggle ensued for the gun, and Philpot hit Campbell multiple times. Philpot testified that this was the end of the altercation.
 

 ¶ 5. Campbell’s version of events differed significantly from Philpot’s version. Campbell testified that the altercation continued after Philpot had retrieved the gun. She alleged that Philpot had beaten her on the head with the gun, locked her in a bathroom, kicked her on her side, forced her to engage in sexual activities with him, and led her around with a belt like she was a dog.
 

 ¶ 6. The next morning, Philpot and Campbell left the house together to get a prescription filled for Campbell. After getting the prescription filled, they stopped at a gas station to get beer. Phil-pot went inside the gas station, while Campbell stayed in the car. Campbell fled in the car, while Philpot was in the gas station. She drove to a neighborhood to find help. The Madison Police Department was called, and officers went to Campbell’s house. They encountered Phil-pot, who had walked home after buying the beer. Philpot admitted to hitting Campbell, and he was arrested. Campbell was taken to the emergency room, treated, and released that same day.
 

 DISCUSSION
 

 ¶ 7. Philpot argues that the evidence does not support a conviction of aggravated assault. He asserts that, at the most, the evidence supports a conviction of simple assault because the State failed to prove he had inflicted “serious bodily injury” on Campbell.
 

 ¶ 8. Mississippi Code Annotated section 97-3-7(1) (Supp.2010) defines simple assault as follows:
 

 A person is guilty of simple assault if he (a) attempts to cause or purposely, knowingly or recklessly causes bodily injury to another; or (b) negligently causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm; or (c) attempts by physical menace to put another in fear of imminent serious bodily harm....
 

 ¶ 9. Section 97-3-7(2) (Supp.2010) defines aggravated assault as follows:
 

 A person is guilty of aggravated assault if he (a) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; or (b) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm....
 

 The jury was instructed on both simple and aggravated assault.
 

 Weight of the Evidence
 

 ¶ 10. The Mississippi Supreme Court has stated the standard of review regarding the weight of the evidence as follows:
 

 When reviewing a denial of a motion for a new trial based on an objection to the weight of the evidence, we will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.... However, the evidence should be weighed in
 
 *530
 
 the light most favorable to the verdict. A reversal on the grounds that the verdict was against the overwhelming weight of the evidence, unlike a reversal based on insufficient evidence, does not mean that acquittal was the only proper verdict. Rather ... the court simply disagrees with the jury’s resolution of the conflicting testimony. This difference of opinion does not signify acquittal any more than a disagreement among the jurors themselves. Instead, the proper remedy is to grant a new trial.
 

 Bush v. State,
 
 895 So.2d 836, 844 (¶ 18) (Miss.2005) (internal citations and quotations omitted).
 

 ¶ 11. Philpot admitted he had hit Campbell with his fists, but he denied he had hit Campbell with a gun. Dr. Richard Scott Johnson, the emergency-room doctor who treated Campbell, testified that Campbell’s injuries were consistent with being beaten on the head with an object like a gun. Dr. Johnson testified that Campbell had two black eyes and had been “beat[en] up pretty good.” Further, Dr. Bo Scales, a forensic scientist, performed a DNA analysis of the gun. Dr. Scales found Philpot’s DNA on the grip of the gun and Campbell’s DNA on the metal barrel at the end of the gun. Whether Philpot had hit Campbell with the gun and whether the gun was a deadly weapon in the way it was used were questions for the jury to decide.
 
 Davis v. State,
 
 866 So.2d 1107, 1112 (¶ 17) (Miss.Ct.App.2003).
 

 ¶ 12. Viewing the evidence in the light most favorable to the verdict, we find that the guilty verdict is not against the overwhelming weight of the evidence. This issue is without merit.
 

 Sufficiency of the Evidence
 

 ¶ 13. When reviewing the sufficiency of the evidence, “the critical inquiry is whether the evidence shows ‘beyond a reasonable doubt that accused committed the act charged, and that he did so under such circumstances that every element of the offense existed[.]’ ”
 
 Bush,
 
 895 So.2d at 843 (¶ 16) (citation omitted). If, viewing the evidence in the light most favorable to the State, any rational trier of fact could have found, beyond a reasonable doubt, that the essential elements of the crime existed, this Court will affirm the conviction.
 
 Id.
 
 However, it is well-settled law that the jury determines the credibility of witnesses and resolves conflicts in the evidence.
 
 Davis,
 
 866 So.2d at 1112 (¶ 17).
 

 ¶ 14. The jury was instructed to find Philpot guilty of aggravated assault if it found beyond a reasonable doubt that Philpot had “caused or attempted to cause bodily injury” to Campbell “with a deadly weapon, a firearm.” This instruction tracks the language of section 97-3-7(2)(b). A finding of “serious bodily injury” is not required by this subsection. We find Philpot’s argument that the jury was required to find that Campbell had suffered “serious bodily injury” is without merit.
 

 ¶ 15. THE JUDGMENT OF THE MADISON COUNTY CIRCUIT COURT OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH FOUR YEARS SUSPENDED AND FIVE YEARS OF SUPERVISED PROBATION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MADISON COUNTY.
 

 IRVING AND GRIFFIS, P JJ., BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR. MYERS AND RUSSELL, JJ., NOT PARTICIPATING.