LEE, C.J.,
for the Court:
PROCEDURAL HISTORY
¶ 1. A jury in the Coahoma County Circuit Court found Walter Conner guilty of Count I, aggravated assault, and Count II, felon in possession of a firearm. Conner was sentenced to serve twenty years in the custody of the Mississippi Department of Corrections (MDOC) on Count I and ten years in the custody of the MDOC on Count II, and sentenced as a habitual offender without eligibility for parole or probation. The sentence imposed in Count II was ordered to be served consecutively to the sentence imposed in Count I.
¶ 2. After his post-trial motions were denied, Conner filed this appeal arguing that the evidence was insufficient to support the verdicts and that the verdicts are contrary to the overwhelming weight of the evidence.
FACTS
¶ 3. On the night of November 17, 2007, Melvin Robinson went to the VFW club in Clarksdale, Mississippi, with several friends, including Earl Baines. Conner was also at the club with a man called “Drug Free.” Drug Free and Robinson had been involved in a prior altercation. Robinson, Drug Free, and Conner began to argue about this prior altercation, and Robinson was asked by the security guard to leave the club.
¶4. There is conflicting evidence as to what occurred next. Robinson and Baines, who exited the club with Robinson, testi *1118 fied that Conner followed them out of the club, pulled a gun out of a maroon sport-utility vehicle, and opened fire on them. Conner shot Robinson six times. Robinson was wounded in one of his arms and both legs. Conner left the scene and was arrested a short time later. The gun was never found, but nine bullet casings were recovered from the VFW parking lot.
¶ 5. The security guard, Eddie Williams, testified that he escorted Robinson out of the club that night, and on his way back into the club, he saw Conner and Tywanda Jefferson leave and head toward a car. Williams heard the shots -after he passed through the first entrance into the club and was almost to the second entrance. Williams did not see who shot Robinson. Jefferson testified that she left the club with Conner that night and drove him home. Jefferson stated that she did not see Conner shoot anyone. Conner submitted Meauto Perryman’s testimony via deposition. Perryman testified that she was on the phone with Conner when the shooting started. Perryman stated that she spoke with Conner at approximately 11:45 p.m. However, Edward Woods, an officer with the Clarksdale Police Department, testified that he received the call about the shooting at approximately 1:17 a.m.
DISCUSSION
I. SUFFICIENCY OF THE EVIDENCE
¶ 6. In his first issue on appeal, Conner argues that the evidence was insufficient to support the guilty verdicts. In regard to whether the evidence was legally sufficient to support the verdict, we look to our standard of review. “[T]he critical inquiry is whether the evidence shows ‘beyond a reasonable doubt that [the] accused committed the act charged, and that he did so under such circumstances that every element of the offense existed[.]’ ” Bush v. State, 895 So.2d 836, 843 (¶ 16) (Miss.2005) (citation omitted). If, viewing the evidence in the light most favorable to the State, any rational trier of fact could have found, beyond a reasonable doubt, that the essential elements of the crime existed, this Court will affirm the conviction. Id. However, it is well-settled law that the-jury determines the credibility of witnesses and resolves conflicts in the evidence. Davis v. State, 866 So.2d 1107, 1112 (¶ 17) (Miss.Ct.App.2003).
¶ 7. Mississippi Code Annotated section 97-3-7(2)(b) (Supp.2010) states that “[a] person is guilty of aggravated assault if he ... (b) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm....” Mississippi Code Annotated section 97-37-5(1) (Supp.2010) states that “[i]t shall be unlawful for any person who has been convicted of a felony ... to possess any firearm.... ”
¶ 8. Thus, the State had to prove that: Conner knowingly caused bodily injury to another with a deadly weapon, and Conner was a felon in possession of a firearm. We find that the State produced sufficient evidence for the jury to convict Conner. Robinson and Baines testified that they saw Conner take the gun from the car and shoot Robinson. Evidence was also produced showing that Conner had previously been convicted of a felony.
¶ 9. Conner contends that there was no evidence other than testimony from Robinson and Baines that he committed these crimes. However, “[t]he testimony of one eye-witness is sufficient to sustain a criminal conviction.” Barnett v. State, 757 So.2d 323, 331 (1127) (Miss.Ct.App.2000). In addition to the victim, Baines also corroborated Robinson’s version of events. The jury found their testimonies to be *1119 more credible than the witnesses for Conner. This issue is without merit.
II. OVERWHELMING WEIGHT OF THE EVIDENCE
¶ 10. In regard to whether the verdict is against the overwhelming weight of the evidence, “we will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.” Bush, 895 So.2d at 844 (¶ 18). From the evidence described in the preceding issue, we cannot find that allowing the guilty verdicts to stand would sanction an unconscionable injustice. This issue is without merit.
¶11. THE JUDGMENT OF THE COAHOMA COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I, AGGRAVATED ASSAULT, AND SENTENCE OF TWENTY YEARS, AND COUNT II, FELON IN POSSESSION OF A FIREARM, AND SENTENCE OF TEN YEARS, AND SENTENCE AS A HABITUAL OFFENDER WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH THE SENTENCE IN COUNT II TO RUN CONSECUTIVELY TO THE SENTENCE IN COUNT I, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COAHOMA COUNTY.
IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR.