IRVING, P.J.,
for the Court:
¶ 1. On June 10, 2010, a jury convicted Wade Lee Townsend of first-degree arson. The Scott County Circuit Court sentenced Townsend to six years in the custody of the Mississippi Department of Corrections with three years to serve, three years suspended, and five years of post-release supervision. At the close of the evidence, Townsend moved for a directed verdict, which the circuit court denied. On July 8, 2010, Townsend filed a motion for a new trial, which the circuit court also denied.
¶2. Feeling aggrieved, Townsend appeals and argues that the circuit court erred by: (1) denying his motion for a directed verdict and for a new trial, (2) denying his request for a peremptory instruction, (3) admitting his police statement into evidence, and (4) refusing to allow Larry Crimm to testify at the suppression hearing.
¶ 3. Finding no error, we affirm.
FACTS
¶ 4. On April 4, 2009, firefighters responded to a house fire in Scott County. Once on the scene, they noticed smoke rising from the rear of the home. Firefighters extinguished the fire within ten minutes of their arrival. The fire caused approximately $5,500 worth of damage.
¶ 5. At the time of the fire, Townsend was renting the home from Crimm. Townsend later gave a written statement to Captain Willie Anderson, an investigator with the Scott County Sheriff’s Office. In his statement, Townsend explained that he had gotten mad and had “held a Bic lighter by the bottom of the house.” Townsend claimed that once the fire started, he “put it out” and “went inside to go to bed.” According to Townsend, when he woke up, the house was on fire. He attempted to extinguish the fire, but when he could not, he called the fire department. At the suppression hearing, Townsend testified that his written statement was involuntary because Captain Anderson threatened to send him to jail if he did not confess to arson.
*370 ¶ 6. Jason Tillman, the fire chief for the City of Forest Fire Department, testified that Townsend gave him a different statement on the day of the fire. According to Chief Tillman, Townsend said that he had been lying in bed watching television and had fallen asleep. When he awoke, his eyes and nose were burning because of smoke. Townsend then claimed that he went outside, discovered the fire at the rear of the house, tried but failed to extinguish it, and then called 911. During his inspection of the home on the day of the fire, Chief Tillman found a working smoke detector lying on Townsend’s porch. Chief Tillman further testified that he did not find a “source of heat to start a fire”; therefore, he suspected arson.
¶ 7. Captain Anderson testified that Townsend voluntarily gave his written statement after an interview that lasted three-and-one-half hours. Captain Anderson also testified that he and Chief Tillman observed what they believed to be the point of origin for the fire and determined that the fire did not originate in the house’s wiring. However, neither Captain Anderson nor Chief Tillman found an ac-celerant at the scene.
¶ 8. Captain Anderson testified that Townsend initially stated that Townsend believed that his estranged wife, Chauntay Townsend, had started the fire. However, when she was eliminated as a suspect, Townsend became the prime suspect. Captain Anderson testified that he did not coerce Townsend into giving a statement and that Townsend had voluntarily waived his Miranda[1] rights.
¶ 9. Cindy Harris, Townsend’s girlfriend at the time of the fire, testified that she accompanied Townsend to the police department on May 5, 2009, when he gave his statement to Captain Anderson. Harris testified that she saw Captain Anderson and Townsend talking outside of the police department but that she was not allowed to talk to Townsend until after he had given his statement. Harris testified that Townsend never said that Captain Anderson had forced him to confess.
¶ 10. At trial, Crimm testified that he knew Townsend before Townsend started renting the house from him. Crimm stated that he did not learn that the police suspected that Townsend had started the fire until several months after the fire. Crimm also testified that while he knew nothing about the circumstances under which Townsend’s statement was given, he was at the police station when Captain Anderson arrested Townsend. Although Townsend attempted to call Crimm as a witness during the suppression hearing, the circuit court ruled that his testimony was irrelevant as to the issue of whether Townsend’s statement was involuntary.
¶ 11. Additional facts, as necessary, will be related during our analysis and discussion of the issues.
ANALYSIS AND DISCUSSION OF THE ISSUES

1. Directed Verdict, Peremptory Instruction, and New Trial

¶ 12. Townsend argues that the circuit court erred in denying his motion for a directed verdict and for a new trial. He also contends that the circuit court erred in denying his request for a peremptory instruction. Because this contention of error implicates both the sufficiency and weight of the evidence presented at trial, we will address them separately. Further, there is no substantive difference between a request for a peremptory instruction and a motion for a directed verdict. There *371 fore, we will not address the request for a peremptory instruction separately. A holding that the motion for a directed verdict was properly denied applies with equal force to a motion for a peremptory instruction, as they both implicate the sufficiency of the evidence.

a. Sufficiency of the Evidence

¶ 13. “A motion for ... a directed verdict must set out specific, not general, facts that demonstrate a failure to establish a prima facie case.” Harrison v. McMillan, 828 So.2d 756, 768 (¶21) (Miss.2002) (citations omitted). Furthermore, “[i]n the absence of such specificity, the [circuit] court will not be put in error for overruling [the] same.” Foster v. State, 928 So.2d 873, 879 (¶ 13) (Miss.Ct.App.2005) (quoting Davis v. State, 866 So.2d 1107, 1113 (¶ 21) (Miss.Ct.App.2003)).
¶ 14. In his motion for a directed verdict, Townsend generally stated that the State had “failed to make out a case beyond a reasonable doubt.” He did not raise the specific allegation that he now raises on appeal-that the State failed to prove malice. Thus, this issue is procedurally barred.
¶ 15. Procedural bar notwithstanding, we find no merit to Townsend’s contention that evidence of malice is lacking. When a defendant challenges the sufficiency of the evidence, a conviction will be reversed only if the “facts and inferences ... point in favor of the defendant on any element of the offense with sufficient force that reasonable [persons] could not have found beyond a reasonable doubt that the defendant was guilty.” Bush v. State, 895 So.2d 836, 843 (¶ 16) (Miss.2005) (internal quotations omitted). The evidence must be viewed in the light most favorable to the State, giving the State the benefit of all “favorable inferences that may be reasonably drawn from the evidence.” Smith v. State, 839 So.2d 489, 495 (¶ 11) (Miss.2003) (citing McClain v. State, 625 So.2d 774, 778 (Miss.1993)).
¶ 16. Townsend was charged pursuant to Mississippi Code Annotated section 97-17-1 (Rev. 2006), which reads in pertinent part: “Any person who willfully and maliciously sets fire to or burns ... any dwelling house ... shall be guilty of arson in the first degree.... ” Thus, it cannot be disputed that malice is an essential element of arson. However, viewing the evidence in the light most favorable to the State, we hold that the State presented sufficient evidence of malice. The State presented Townsend’s written statement to the police in which he admitted that he had used a Bic lighter to set fire to the house. Additionally, both Captain Anderson and Chief Tillman testified that they were unable to find an alternative cause for the fire. Furthermore, the origin of the fire was at the exact spot where Townsend said he had held the lighter to the house. Accordingly, we affirm the circuit court’s denial of Townsend’s motion for a directed verdict and his request for a peremptory instruction since there was sufficient evidence to support the arson conviction.

b. Weight of the Evidence

¶ 17. “A motion for a new trial challenges the weight of the evidence.” Smith v. State, 925 So.2d 825, 832 (¶ 16) (Miss.2006) (quoting Howell v. State, 860 So.2d 704, 764 (¶ 212) (Miss.2003)). A circuit court’s decision to deny a motion for a new trial is reviewed for abuse of discretion. Id. A new trial is warranted only if the verdict is “so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.” Bush, 895 So.2d at 844 (¶ 18) (citation omitted). Further *372 more, a new trial will only be granted “in exceptional cases in which the evidence preponderates heavily against the verdict.” Taylor v. State, 62 So.3d 962, 967 (¶ 21) (Miss.2011) (quoting Dilworth v. State, 909 So.2d 731, 737 (¶ 21) (Miss.2005)).
¶ 18. The jury found that Townsend had willfully and maliciously set fire to his house. In his statement to Captain Anderson, Townsend said that he had set fire to the house with a lighter because he had gotten angry. Both Captain Anderson and Chief Tillman testified that no acceler-ant was used to start the fire and that the fire’s point of origin was where Townsend stated that he had held the lighter to the bottom of the house. Additionally, Chief Tillman testified that he found a working smoke detector on Townsend’s porch-a discovery consistent with the jury’s verdict. Our review of the record does not reveal evidence that preponderates so heavily against the verdict that the circuit court’s failure to grant a new trial resulted in an unconscionable injustice. This assignment of error is without merit.

2. Written Police Statement

¶ 19. Townsend argues that the circuit court erred in admitting his written police statement into evidence. Townsend testified that the statement was the product of coercion and, thus, involuntary.
¶20. An appellate court will reverse a circuit court’s ruling on a motion to suppress “if the incorrect legal principle was applied; if there was no substantial evidence to support a voluntary, knowing, and intelligent waiver of Miranda rights; and if the denial was a result of manifest error.” Redmond v. State, 66 So.3d 107, 111 (¶ 12) (Miss.2011) (quoting Scott v. State, 8 So.3d 855, 861 (¶ 22) (Miss.2008)). “The [circuit court] must determine beyond a reasonable doubt that a confession was voluntary and knowing and that the defendant was given his Miranda rights prior to any custodial interrogation.” Id. (quoting Scott, 8 So.3d at 861 (¶ 23)). The State carries the burden of proving that a confession is voluntary. Id. The State’s burden is met by presenting “the testimony of an officer, or other person having knowledge of the facts, that the confession was voluntarily made without any threats, coercion, or offer of reward.” Scott, 8 So.3d at 861 (¶ 24) (quoting Bell v. State, 963 So.2d 1124, 1134 (¶ 26) (Miss.2007)). If the accused offers testimony to the contrary, the State must offer the testimony of the officers who witnessed the confession. Id. An appellate court “will not reverse the [circuit] court on conflicting testimony as to whether coercion was used to obtain a confession.” Id. at (¶ 25) (quoting Bell, 963 So.2d at 1134 (¶ 26)).
¶ 21. Townsend’s signed Miranda waiver and signed statement were admitted into evidence. Additionally, Captain Anderson, the officer who read Townsend his Miranda rights and took his statement, testified that he did not threaten or promise a reward in exchange for Townsend’s statement. Townsend testified at the suppression hearing that Captain Anderson had promised him that he would not be prosecuted and that he could go to work if he confessed. Harris testified that Townsend never told her that his written statement was untruthful or involuntary.
¶ 22. Townsend’s signed Miranda waiver, his signed written statement, and Captain Anderson’s testimony all support a finding that Townsend gave his written statement voluntarily. Accordingly, we hold that the circuit court did not abuse its discretion in denying Townsend’s motion to suppress his statement. This issue is without merit.

*373
3. Crimm’s Testimony

¶28. Townsend argues that the circuit court erred in refusing to allow Crimm to testify during the suppression hearing. We cannot examine the merits of this issue because Townsend failed to properly preserve this issue for appeal. “[W]hen testimony is excluded at trial, a record must be made of the proffered testimony in order to preserve the point for appeal.” Abernathy v. State, 30 So.3d 320, 325 (¶ 19) (Miss.2010) (quoting Murray v. State, 849 So.2d 1281, 1289 (¶ 32) (Miss.2003)).
¶ 24. In this case, there was no proffer of Crimm’s testimony; thus, this contention of error was not properly preserved for appeal. Without a proffer, the record is insufficient to determine whether Crimm’s testimony would have been relevant. Therefore, we are unable to hold the circuit court in error. This issue is without merit.
¶ 25. THE JUDGMENT OF THE SCOTT COUNTY CIRCUIT COURT OF CONVICTION OF FIRST-DEGREE ARSON AND SENTENCE OF SIX YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH THREE YEARS TO SERVE, THREE YEARS SUSPENDED, AND FIVE YEARS OF POST-RELEASE SUPERVISION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SCOTT COUNTY.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694(1966).