# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-KA-01717-COA

HAROLD MAURICE DEAN A/K/A HAROLD M. DEAN A/K/A HAROLD DEAN                    APPELLANT

v.

STATE OF MISSISSIPPI                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 08/21/2013 |
| TRIAL JUDGE: | HON. JOHN C. GARGIULO |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: GEORGE T. HOLMES |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LAURA HOGAN TEDDER |
| DISTRICT ATTORNEY: | JOEL SMITH |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF FRAUDULENT USE OF IDENTITY AND SENTENCED TO TWO YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS |
| DISPOSITION: | AFFIRMED - 09/16/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., ISHEE AND JAMES, JJ.**

**LEE, C.J., FOR THE COURT:**

¶1.    A jury in the Harrison County Circuit Court convicted Harold Maurice Dean of fraudulent use of identity. Dean was sentenced to serve two years in the custody of the Mississippi Department of Corrections, and ordered to attend the long-term drug and alcohol treatment program facility during his incarceration.

¶2.     Dean's post-trial motions were denied. Dean now appeals, asserting (1) there was insufficient evidence to support his conviction, and (2) the verdict is contrary to the overwhelming weight of the evidence.

FACTS

¶3.     On January 13, 2012, Dean was arrested in Gulfport, Mississippi, for public intoxication. Dean admittedly told the police his name was Jeffrey Jenkins. Jenkins is Dean's brother. After being held at the jail, Dean was released to an American Medical Response (AMR) ambulance for transportation to Gulfport Memorial Hospital (GMH) to treat a cut on his hand. Dean signed the AMR patient form on the "signature of patient" line using the last name Jenkins. However, the first name Dean wrote on the signature line was illegible.

¶4.     Dean received treatment at GMH and was released. In February 2012, Jenkins learned that his flexible spending account through his employer-provided medical insurance was empty. Jenkins discovered a $1,600 charge for an emergency-room visit on January 13, 2012, at GMH. Jenkins was advised to report this to the Gulfport Police Department. Jenkins also testified that Dean admitted to him that Dean had used Jenkins's name as his own.

¶5.     After being arrested for the crime of fraudulent use of identity, Dean admitted to Detective Brandon Bang that he had used Jenkins's name to conceal his identity. Dean testified that he told the AMR attendant that he falsely used Jenkins's name when arrested.

DISCUSSION

I. SUFFICIENCY OF THE EVIDENCE

2

¶6. In his first issue on appeal, Dean contends the evidence was insufficient to support the guilty verdict. In reviewing the sufficiency of the evidence, "the critical inquiry is whether the evidence shows beyond a reasonable doubt that [the] accused committed the act charged, and that he did so under such circumstances that every element of the offense existed[.]" *Bush v. State*, 895 So. 2d 836, 843 (¶16) (Miss. 2005) (citation and internal quotation marks omitted). If, viewing the evidence in the light most favorable to the State, any rational trier of fact could have found, beyond a reasonable doubt, that the essential elements of the crime existed, this Court will affirm the conviction. *Id*. Furthermore, it is well-settled law that the jury determines the credibility of the witnesses and resolves conflicts in the evidence. *Davis v. State*, 866 So. 2d 1107, 1112 (¶17) (Miss. Ct. App. 2003).

¶7. Mississippi Code Annotated section 97-19-85 (Supp. 2013) states, in part, that:

(1) Any person who shall make or cause to be made any false statement or representation as to his or another person's or entity's identity, social security account number, credit card number, debit card number or other identifying information for the purpose of fraudulently obtaining or with the intent to obtain goods, services or any thing of value, shall be guilty of a felony . . . .

(2) A person is guilty of fraud under subsection (1) who:

(a) Shall furnish false information willfully, knowingly and with intent to deceive anyone as to his true identity or the true identity of another person . . . .

At the time of Dean's arrest, he used his brother's identity to deceive the police. He continued to use his brother's identity when he was transported to GMH for medical treatment. Upon arrival at GMH, Dean received a wristband with Jeffrey Jenkins's name on it. GMH thought Dean's name was Jeffrey Jenkins because it filed the emergency-room visit with Jenkins's insurance provider, assessing a charge of approximately $1,600. Furthermore,

3

Dean admittedly used Jenkins's name, initially because he had outstanding warrants for failure to pay fines. Jenkins testified Dean admitted to using his identity to receive treatment at GMH.

¶8.     Dean testified he admitted to the AMR attendant that he had used a false identity, but Dean never informed GMH upon his arrival or at any time during his treatment in the emergency room. It was within the jury's discretion to determine Dean's credibility. Viewing the evidence in the light most favorable to the State, a rational juror could have found beyond a reasonable doubt that Dean was guilty of fraudulent use of identity. This issue is without merit.

                    II.  WEIGHT OF THE EVIDENCE

¶9.     In his other issue on appeal, Dean contends the guilty verdict is against the overwhelming weight of the evidence. "When reviewing a denial of a motion for a new trial based on an objection to the weight of the evidence, we will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice." *Bush*, 895 So. 2d at 844 (¶18).

¶10.    Dean's arguments are similar to those expressed in the previous issue. From the evidence described in the previous issue, we cannot find that allowing the verdict to stand would sanction an unconscionable injustice. This issue is without merit.

¶11.    **THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT OF CONVICTION OF FRAUDULENT USE OF IDENTITY AND SENTENCE OF TWO YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.**

        **IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON,**

**MAXWELL, FAIR AND JAMES, JJ., CONCUR.**