# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-KA-00720-COA

KEVIN WAYNE SHERROD A/K/A KEVIN
SHERROD A/K/A KEVIN W. SHERROD

APPELLANT

v.

STATE OF MISSISSIPPI

APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 01/17/2013 |
| TRIAL JUDGE: | HON. DALE HARKEY |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: BENJAMIN ALLEN SUBER |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| DISTRICT ATTORNEY: | ANTHONY N. LAWRENCE III |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF POSSESSION OF A CONTROLLED SUBSTANCE AND SENTENCED TO TWENTY-FOUR YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH EIGHTEEN YEARS TO SERVE AND SIX YEARS OF POST-RELEASE SUPERVISION |
| DISPOSITION: | AFFIRMED: 09/30/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., MAXWELL AND FAIR, JJ.**

**FAIR, J., FOR THE COURT:**

¶1.     Kevin Sherrod was tried and convicted of possession of a controlled substance. On appeal, he seeks a new trial, asserting that: (1) the court erred in excluding a packet of powdered sweetener from evidence, and (2) the verdict runs contrary to the weight of the

evidence. Finding no error, we affirm.

## FACTS

¶2. On or about April 20, 2011, Gennice Hayes and Sherrod were riding around a Walmart parking lot in Pascagoula, Mississippi. Walmart security charged Hayes with trespassing According to the record, she had been caught trespassing on the property once before. Walmart Loss Prevention called the police to remove Hayes from the property. During the arrest, one of the officers returned to the vehicle to retrieve Hayes's purse. Sherrod asked the officer if he could keep the purse to bail Hayes out of jail. The officer informed Sherrod that the purse needed to be inventoried and that he would have to come to the station to post bond for Hayes. Sherrod complied. At the station, the police inventoried the purse and found a pack of cigarettes containing two clear bags. Hayes saw the bags through the booking window and repeatedly stated they did not belong to her. The dispatch supervisor informed Sherrod that he could not collect the purse because narcotics had been found. At that point, Sherrod stated that the narcotics belonged to him. Testing at the Mississippi Crime Laboratory revealed that the substances were a combined 11.8 grams of cocaine. Sherrod was indicted pursuant to Mississippi Code Annotated section 41-29-139(c)(1) (Rev. 2013) for possession of Schedule II controlled substance.

¶3. Sherrod pled not guilty at trial. He testified that although he originally stated the narcotics were his, he did so to protect Hayes. The jury found Sherrod guilty. He was sentenced to serve twenty-four years in the custody of the Mississippi Department of Corrections, with eighteen years to serve and six years of post-release supervision. Sherrod's

motion for a new trial was denied, and he now appeals.

## DISCUSSION

### 1. Exclusion of Evidence

¶4.    "The standard of review governing the admission or exclusion of evidence is abuse of discretion." *Catchings v. State,* 39 So. 3d 943, 950 (¶29) (Miss. Ct. App. 2009) (citing *Williams v. State,* 991 So. 2d 593, 597 (¶8) (Miss. 2008)).   Further, "the admission or exclusion of evidence must result in prejudice or harm if the cause is to be reversed on that ground." *Lenard v. State*, 77 So. 3d 530, 534 (¶13) (Miss. Ct. App. 2011) (quoting *Harper v. State,* 887 So. 2d 817, 829 (¶57) (Miss. Ct. App. 2004)).

¶5.    At trial, the State presented Velveda Harried as an expert in forensic science and drug analysis.  Harried testified that she tested the two bags police recovered from Hayes's purse. She further testified that the two bags, which were entered into evidence, contained a total of 11.8 grams of cocaine.   On cross-examination, defense counsel handed Harried a sweetener packet and asked her to identify it.  The State objected.  Defense counsel stated that the one-gram sweetener packet was intended to provide the jury a visual of a substance weighing one gram.  The circuit court ultimately concluded the evidence was irrelevant.  The judge reasoned that the actual drugs seized were in evidence and an expert witness testified the drugs weighed 11.8 grams combined.

¶6.    Mississippi Rule of Evidence 401 defines  "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

¶7.     Sherrod argues that the court committed reversible error by excluding the sweetener packet from evidence. He asserts that the packet was relevant to show the jury the quantity of narcotics found in Hayes's purse. We disagree. The sweetener packet does not "make the existence of any fact that is of consequence to the determination of the action more probable or less probable." *See* M.R.E. 401. The expert who tested the substances testified to their weight and classification. There was no testimony that the sweetener has the same consistency and weight, occupies the same volume, or has any other similarity to the seized narcotics. More importantly, the seized substances were themselves admitted into evidence. Sherrod's theory of defense did not challenge the weight of the substance. For these reasons, we cannot find that the circuit court abused its discretion in excluding the sweetener packet from evidence. Nor can we find Sherrod was prejudiced by the exclusion. This issue is without merit.

### 2. Weight of the Evidence

¶8.     "When reviewing a denial of a motion for a new trial based on an objection to the weight of the evidence, we will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice." *Bush v. State*, 895 So. 2d 836, 844 (¶18) (Miss. 2005) (citing *Herring v. State*, 691 So. 2d 948, 957 (Miss. 1997)). New trials should only be granted in "exceptional cases." *Id*. (citation omitted). When making this determination, "the evidence should be weighed in the light most favorable to the verdict." *Id*. (citing *Herring,* 691 So. 2d at 957).

4

¶9. Officers Dale Gordon and James Catchot, both present at the scene, testified at trial. Officer Gordon stated that when he opened the door to Hayes's vehicle, Sherrod was holding onto Hayes's purse. Officer Gordon further testified that Sherrod insisted on keeping the purse so that he could bail Hayes out of jail. Officer Catchot stated that he inventoried Hayes's purse and discovered the substances in the cigarette package. Daniel Lebatard, the dispatch supervisor, testified that Sherrod claimed the drugs at the station.

¶10. Sherrod testified at trial that the drugs did not belong to him, and that he only claimed them so that Hayes could go home to her children. Sherrod also stated that, contrary to Officer Gordon's testimony, he never held onto Hayes's purse during Hayes's arrest.

¶11. "It is well-settled law that the jury determines the credibility of the witnesses and resolves conflicts in the evidence." *Watson v. State*, 127 So. 3d 270, 272 (¶9) (Miss. Ct. App. 2013) (citing *Davis v. State,* 866 So. 2d 1107, 1112 (¶17) (Miss. Ct. App. 2003)). We cannot find that allowing the guilty verdict to stand would sanction an unconscionable injustice. Given two conflicting statements by Sherrod, the jury found one more credible. It resolved conflicts in the evidence in the favor of the State, a resolution within its power and in accord with its duty. This issue is without merit. The judgment of the circuit court is affirmed.

¶12. **THE JUDGMENT OF THE JACKSON COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF A CONTROLLED SUBSTANCE AND SENTENCE OF TWENTY-FOUR YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH EIGHTEEN YEARS TO SERVE AND SIX YEARS OF POST-RELEASE SUPERVISION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JACKSON COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND JAMES, JJ., CONCUR.**